# Mobile & Montgomery Railway Company *v.* Felrath.

*Action for Money had and Received; Plea, nonassumpsit.*

| 67 | 189 |
| 103 | 192 |
| 105 | 199 |
| 67 | 189 |
| 109 | 175 |
| 67 | 189 |
| 135 | 577 |

1. *Principal may recover property misused by his agent.*—When an agent has misapplied or misused the property of his principal, the latter may pursue and recover it.

2. *Same; can not recover money misapplied by agent.*—But this principle can not be applied to money which has no "ear marks," and can not be identified. When it passes to the possession of another who acquires it for a valuable consideration, and without notice, it can not be reclaimed.

3. *Check; creditor receiving is holder for valuable consideration.*—When a creditor takes his debtor's check on a bank in payment of his debt, he is a holder for a valuable consideration.

4. *Notice of fact, when imputed.*—A person is chargeable with notice of a fact, when the circumstances were sufficient to put him on enquiry, and the fact could have been ascertained by the use of reasonable diligence.

5. *Money had and received; when principal may maintain against agent*—To enable the principal to maintain an action for money had and received against

[Mobile & Montgomery Railway Co. v. Felrath.]

a person to whom the agent has paid the principal's money, in discharge of his own debt, it must be shown that the agent is in default to the principal, and that the latter had not the means of indemnity in his hands.

APPEAL from Mobile Circuit Court.
Tried before Hon. H. T. TOULMIN.
The facts are stated in the opinion of the court.

G. L. SMITH, for appellant.—If the defendant had reason to suspect that the money belonged to plaintiff, (appellant), he may recover it.—*Ely v. Norton,* 2 Abb. Ct. App. 19 ; *Burnham v. Holt,* 14 N. H. 367. The check in this case was signed by the agent, and this was notice to appellee that it was the money of some principal which Priester was using to pay his individual debt. Enquiry at the place of payment would have developed the fact that it was money belonging to the railway company.—Wade on Notice, 8 to 11 ; 2 Ala. 735 ; *Wilson v. Wall,* 34 Ala. 288 ; *Herbert v. Hanrick,* 16 Ala. 581 ; *Harris v. Carter,* 3 Stew. 233 ; *Scroggins v. McDougald,* 8 Ala. 382. When an agent makes an unauthorized transfer of his principal's money, the latter may recover in trover against the assignee.—*Cook v. Patterson,* 35 Ala. 102 ; *Leigh v. M. & O. R. R. Co.* 58 Ala. 165 ; 63 Ala. 102. Appellant could have recovered the check by an action of trover, brought before its payment, and the tort may be waived and assumpsit maintained.—*Upchurch v. Nosworthy,* 15 Ala. 705 ; *Crow v. Boyles,* 11 Ala. 51 ; *Strothe v. Butler, Ib.* 733 ; 8 Porter, 181 ; *Hope v. Claxton,* 62 Ala. 46. The court erred in giving the general charge at the request of the defendant.

C. H. LINDSAY, for appellee. (No brief on file.)

BRICKELL, C. J.—The action is for money had and received, in which the appellant was plaintiff, and the appellee was defendant. The facts as shown by the bill of exceptions, are, that in 1879, one Priester was an agent of the appellant, and was individually indebted to the appellee. In payment of such indebtedness, Priester drew a check on the Southern Bank of Alabama, in words and figures as follows :

"No. 85. MOBILE, June 18, 1879. *Southern Bank of Alabama :*—Pay to Joseph Felrath, or order, two hundred and fifty dollars. $250. (Signed) R. P. PRIESTER, Agt."

The check was indorsed by the appellee, and the money of the appellant deposited in the bank, was by the bank paid to the appellee, who knew Priester was in the employment of the appellant, but did not know in what capacity or

for what purpose. Prior to commencement of suit, appellant demanded the money of the appellee, and payment was refused. This was all the evidence, and the appellant requested the court to charge the jury, if they believed the evidence they must find a verdict in its favor. The instruction was refused, and on request of the appellee, the jury were instructed to find a verdict for him on the evidence. The instructions given and refused are the matter of the errors assigned.

The general proposition upon which the appellant relies, that a principal may pursue his property, or his money, which his agent may have misapplied, is not doubted. From the necessity of the case an exception obtains as to money, or that which is a circulating medium used and employed as money. Having no "ear marks," not capable of being identified and distinguished, if the agent misuses or misapplies it, and it passes to the possession of one, upon a valuable consideration, and without notice, it may not be reclaimed.—*Burnham v. Holt,* 14 N. H. 367 ; *Mason v. Waite,* 17 Mass. 560 ; *Frazier v. Erie Bank,* 8 Watts & Serg. 18.

Taking the check in payment of the debt of Priester, the appellee was a holder upon a valuable consideration. Actual notice that the check was drawn on funds not belonging to Priester, is not imputed. Notice, it is argued, must be implied from the addition of the letters *Ag't,* to the signature to the check, which, it is said, were sufficient to excite the attention of the appellee, and put him on inquiry, and inquiry at the bank would have led him to knowledge that the funds on which the check was drawn, were the funds of appellant, which Priester could not employ in paying his own debts. It is true, if the addition to the signature ought to have put the appellee on inquiry, and reasonable diligence, not the utmost caution and circumspection, would have led him to the discovery that the funds on which the check was drawn were the funds of the appellant, which its agent was misapplying, notice may be imputed. Whether this addition to the signature ought to have put the appellee on inquiry, it is not necessary, in view of the facts of this case, to consider.

The present action is only maintainable on the theory that the appellee has money which, *ex equo et bono,* belongs to the appellant.—1 Brick. Digest, 140, § 72. It is an essential element of the appellant's right of recovery, that Priester was as agent in default, not having accounted for the money paid to the appellee. Of such default there was no evidence given, and it is consistent with all the evidence, that though

he may have misapplied the funds of the appellant, he has accounted for the misapplication, or that the appellant has in its own hands the means of indemnity. Mere fraud without damage gives no cause of action ; the two must concur before an action will lie, and it is as necessary for a party complaining to prove the one as the other. If this were not true, the appellant could recover this money of the appellee, and Priester immediately recover it from the appellant. The fact, if it be a fact, that Priester was in default, and that the appellant had not in its own hands the means of indemnity, lay peculiarly within its own knowledge, and without evidence of it, there could be in no aspect of the case, a right of recovery against the appellee. If there could be a presumption indulged in reference to it, the presumption would be against the appellant, and not in its favor. All presumptions are in favor of honesty and good faith, and not against them.

Affirmed.