# National Fertilizer Co. v. Thomason.

## *Action on a Bond.*

1. *Notice of a fact, when imputed.*—The defendants were the makers of a bond for the payment of money to The Farmers' Alliance Exchange. On making a partial payment to the payee, they were given a written receipt by the payee which showed that the money so received by it was "for National Fertilizer Co." *Held*, that this receipt should have put the defendants on inquiry as to whether said Fertilizer Company then owned the bond.

2. *Payment to unauthorized person.*—Where the makers of a bond have notice that it has been assigned by the payee to a third person, payments by them to the payee are at their peril, and, in the absence of authority in the payee to make collections for the assignee, the makers are entitled to credit for only so much of the amount paid to the payee as reached the hands of the assignee.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

This was an action by the National Fertilizer Company, the appellant, against J. W. Thomason and others, the appellees, to recover an amount claimed to be due on a bond made by the defendants to the Farmers Alliance Exchange of Alabama, and by the latter assigned to the plaintiff. The bond was dated "Union Grove Ala., January, 22, 1891," and was for $534.00,

payable "on or by the 1st day of November, 1891." The defendants pleaded payment. The plaintiff claimed that the amount due was the balance after allowing credits for payments evidenced by the following indorsements on the bond: "By cash, Nov. 21, '96, $345.95; by cash, Dec. 11, '91, $55; by cash, Jan. 19, '92, $54.14; by cash, Dec. 10, '92, $25." The evidence for the defendants tended to show that they had paid the entire amount due on the bond, by payments made to one W. P. Stott, who was at the time the business manager of the Farmers' Alliance Exchange of Alabama. When the first of these payment was made by one G. W. Abercrombie, who was acting as agent of the defendants, the following receipt was given:

"345.95. Birmingham, Ala., Nov. 7, 1891.

Received of G. W. Abercrombie three hundred and forty-five and 95-100 dollars, for fertilizer note, Union Grove Alliance, No. 125, for National Fertilizer Co.

Farmers Alliance Exchange of Alabama.

No. 350. per W. P. Stott."

Similar receipts were given for the other payments made by the defendants to said W. P. Stott. The evidence for the plaintiff showed that it became the owner of the bond sued on on the 5th day of April, 1891, when the bond was assigned to it in writing, and had been the owner of it ever since; that the bond remained in its possession until about the time it became due, when plaintiff deposited it in a bank for collection; that on November 7, 1891, the bond was returned to the plaintiff unpaid; that, a few days afterwards, an agent of the plaintifi went from Nashville, Tennessee, to Birmingham, Ala., called at the office of the Alliance Exchange, and was paid by said Stott the sum of $345.95, which was credited on the bond the same day; that the only other payments made to the plaintiff on the bond are those credited on the back of it, each credit showing the date when the amount was received by the plaintiff; that said Stott had no connection whatever with the plaintiff, and had no authority to make collections or give receipts for the plaintiff after it became the owner of the bond. Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury the following written charges, and separately excepted to the refusal of the court to give each of them as asked: "(1) If the

[Inge v. Jones.]

jury believe the evidence they will find for the plaintiff for the balance due after allowing credit for the credits endorsed on the note, and for such credits only." "(2) The court charges the jury that the only credits they can allow on the note are those credits endorsed on the back of the note, and those only." There was judgment for the defendants, and the plaintiff appeals.

O. D. STREET, for the appellant.

LUSK & BELL, contra.

McCLELLAN, J.—We are of opinion that the receipt executed by the Farmers' Alliance Exchange, per W. P. Stott, on November 7, 1891, to the defendants, for the amount of a partial payment on account of the bond sued on, showing as it did, that the money so received by the Exchange was "for National Fertilizer Co.," should have put defendants on inquiry as to whether said company then owned said bond. *Mobile & Montgomery Ry. Co. v. Felrath*, 67 Ala. 189. This inquiry, if properly prosecuted, would have developed the fact that the National Fertilizer Company, and not the Exchange, was the owner of the note; and it follows that defendants' subsequent payments to the latter stand upon the same footing as if they had actually known that the bond belonged to the former, and were made at their peril. If such payments reached the hands of the holder of the paper, defendants were entitled to credits therefor; otherwise not. The charges requested by plaintiff should, therefore, have been given.

Reversed and remanded.