[Osborne, Admrx. v. Alabama Steel & Wire Company.]

# Osborne, Admrx. *v.* Alabama Steel & Wire Company.

|     |     |
| --- | --- |
| 135 | 571 |
| 135 | 649 |

|     |     |
| --- | --- |
| 135 | 571 |
| 144 | 166 |
| 144 | 167 |

*Action for Damages for Personal Injury to Employe.*

1. *Contributory negligence; sufficiency of plea.*—A plea of contributory negligence must aver a state of facts to which the law attaches the conclusion of negligence.

2. *Employer and employe; contributory negligence; choosing less safe of two ways; notice.*—Before an employe can be charged with contributory negligence in choosing the less safe of two ways, it must appear that he had notice of the danger or defect making it less safe.

3. *Same; contributory negligence by continuing in dangerous employment.*—Though an employe may be negligent in failing to give notice of defects in his employer's ways, works, etc., when to do so is necessary for his own protection, or in failing to use due care to avoid danger created by the defects, yet his mere continuance in the service for which he was employed, though with knowledge of such defects and danger, cannot, as between him and the employer, be accounted an act of negligence.

4. *Same; assumption of risk.*—A person who continues in an employment with full knowledge of the risk run, and who voluntarily goes to do that which he knows will expose him to danger, cannot recover for injuries so received.

5. *Employer and employe; volenti non fit; obvious risks; known dangers.*—The doctrine of *volenti non fit injuria* is founded on the consent of the employe to take the chances of injury or escape from a threatening situation, but such consent is not implied unless the danger is obvious or is known to the employe.

6. *Contributory negligence; sufficiency of plea; knowledge or notice.*—A plea of contributory negligence, imputing to the injured person "knowledge or notice" of the danger he encountered, in insufficient; notice not being the equivalent of knowledge.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. A. A. COLEMAN.

[Osborne, Admrx. v. Alabama Steel & Wire Company.]

This was an action by Helen Osborne as administratrix of the estate of Arthur E. Osborne, deceased, against the Alabama Steel & Wire Company to recover damages for negligently causing the death of plaintiff's intestate. The complaint was in six counts. The first count attributed the death to a defective condition of defendant's premises, in that its waterway was not sufficiently covered to make its said premises safe. Counts 2, 3, 4 and 5 attributed the injuries and death to the negligence of certain employes having superintendence entrusted to them, while in the exercise of such superintendence. Count 6 alleges a breach of duty in that defendant negligently failed to provide reasonably safe premises for plaintiff's intestate to work, by suffering said waterway to become and remain partially uncovered, thereby rendering said premises unsafe and insufficient to protect plaintiff's intestate from falling into said waterway in passing along or over the same.

Demurrers to the complaint having been overruled, defendant interposed eight pleas, the 1st, 2d, 3d, 4th, 7th and 8th, of which were substantially as follows: (1) A plea of not guilty. (2) That plaintiff's intestate was himself guilty of negligence at and before the time of receiving the injuries complained of, which proximately contributed thereto, in this, that, knowing that the water in the said waterway mentioned in said complaint was hot, and knowing that it was dangerous to attempt to cross the same at the time and under the circumstances at and under which he did attempt to cross it, he negligently did attempt to cross said waterway, and in so attempting to cross the same fell into said waterway and thereby received and suffered the injuries complained of. (3) That plaintiff's intestate was guilty of contributory negligence which proximately contributed to his death, in that he, knowing that said waterway was there, and knowing that it contained hot water, and knowing that it was not always covered at the place where he attempted to cross the same, but that at times it was left uncovered, negligently attempted to cross said waterway at a time and place where it was uncovered, and when

steam was arising therefrom which prevented his seeing whether said waterway was or was not covered, or rendered it difficult for him to determine whether it was or was not covered, without taking due care to ascertain whether it was or was not covered and thereby fell into said waterway, causing the injuries which resulted in his death. (4) That plaintiff's intestate was guilty of negligence which proximately contributed to his death, in this, that he negligently attempted to pass over said waterway, knowing that it was there and that it contained hot water, and at a time and place and under circumstances that rendered it dangerous for him to attempt to cross said waterway, all of which he knew or could have known by the exercise of due care, when there was another and safe way for him to have gone from the place where he started to the place where he intended to go, which was known to him, which other and safe way did not lead across said waterway. (7) That plaintiff's intestate was himself guilty of negligence which proximately contributed to his alleged injuries in this, said intestate with knowledge or notice of the facts alleged in said complaint nevertheless continued in the service or employment of the defendant in the capacity therein alleged in said complaint. (8) That plaintiff's intestate himself voluntarily assumed the risk of his said injuries in this, said intestate with knowledge or notice of the condition of said waterway and of the danger thereof, nevertheless continued in the service or employment of the defendant in the capacity alleged in the said complaint.

The plaintiff demurred to plea 3 upon the following grounds: (1) Because said plea does not deny the allegations of the complaint nor does it confess and avoid the same. (2) Because said plea does not aver or show that plaintiff's intestate knew that said waterway was partially or wholly uncovered. (3) Because said plea does not aver or show that the waterway had been uncovered long enough to put plaintiff's intestate on notice that defendant had intended to and would leave the same uncovered. (4) Because said plea does not aver or

show that plaintiff's intestate knew or had notice that the waterway was uncovered at the time he fell into the same. (5) Because said plea does not aver or show that said waterway was usually covered and that plaintiff's intestate was aware of that fact. The same grounds of demurrer were interposed to the 4th plea, and the following additional grounds: (6) Because said plea does not set out the circumstances that rendered it dangerous for plaintiff's intestate to cross said waterway. (7) Because said plea does not aver or show that plaintiff's intestate knew it was dangerous for him to attempt to cross said waterway at the place he did attempt to cross it.

To the 7th and 8th pleas defendant demurred upon the same grounds as were assigned to the 3d plea and upon the following grounds: (6) Because said plea does not set forth the facts constituting contributory negligence. (7) Because said plea does not set forth any facts to show that plaintiff's intestate was negligent in attempting to cross or move along the waterway. (8) Because said plea does not aver or show that the waterway had been uncovered a sufficient time for the plaintiff's intestate to know that the defect would not be remedied.

These demurrers were overruled, and judgment having been rendered for the defendant on the trial, plaintiff appeals, and assigns the rulings on said demurrers as error.

LANE & WHITE, for appellants, cited *Ga. Pac. R. R. Co. v. Davis,* 92 Ala. 309; *Southern R. R. Co. v. Posey,* 124 Ala. 486; *L. & N. R. R. Co. v. Hawkins,* 92 Ala. 242; *Naromore v. Cleveland, etc., R. R. Co.,* 37 C. C. A. 505; *Southern R. R. Co. v. Guyton,* 122 Ala. 241; *Woodward Iron Co. v. Andrews,* 114 Ala. 243; *Eureka Co. v. Bass,* 81 Ala. 200; *Birmingham R. & E. Co. v. Allen,* 99 Ala. 368; *Cook v. R. R. Co.,* 34 Minn. 45; *Russell v. R. R. Co.,* 32 Minn. 230; 7 Am. & Eng. Ency. Law, 423; Wood's Master & Servant, 718, *et seq.*

No counsel marked as appearing for appellee.

[Osborne, Admrx. v. Alabama Steel & Wire Company.]

SHARPE, J.—To withstand an appropriate demurrer, a plea of contributory negligence must go beyond averring negligence as a conclusion and must aver a state of facts to which the law attaches that conclusion.—*Tenn. Coal, etc., Co. v. Herndon*, 100 Ala. 451; *Louisville & Nashville Railroad Co. v. Markee*, 103 Ala. 160. Of the pleas referred to in the assignments of error that numbered 3 conforms to the rule stated, but those numbered 4, 7 and 8, respectively, are fatally defective. The averments of plea 4 respecting the danger involved in crossing the waterway wherein plaintiff's intestate lost his life are but restatements of facts alleged in the complaint and to that extent are in confession rather than in avoidance of the complaint. The other averments in that plea of facts as constituting contributory negligence, show merely there was a way known to the intestate by which he could have gone without crossing the waterway and that "he knew or could have known by the use of due care" that circumstances then and there existing rendered his attempt at crossing the waterway dangerous. According to the complaint the circumstances which created the danger and constituted the defect of way complained of was the partially uncovered condition of the waterway. Unless the intestate had notice to the contrary he had a right to assume, and to act upon the presumption, that defendant had not been negligent, and, therefore, that the way was in a reasonably safe condition.—*Georgia Pac. R. Co. v. Davis*, 92 Ala. 300; *L. & N. R. R. Co. v. Bouldin*, 121 Ala. 197. Therefore, notice of the defect and danger of the waterway covering must have been chargeable to the intestate as a condition precedent to the erection of any duty on his part in respect to choosing between routes, or of otherwise using special care to avoid the danger of the waterway. In this plea it is improperly assumed that the duty of using such care was on the intestate in the first instance, regardless of whether he then had notice of the defect complained of.

An employe may be negligent in failing to give notice of defects in his employer's ways, works, plant or

machinery when to do so is necessary for his own protection, and he may be negligent also in the manner of prosecuting his work by failing to use due care to avoid danger created by the defects, but his mere continuance in the service for which he was employed, though with knowledge of such defects and danger, cannot, as between him and the employer be accounted an act of negligence. The employer cannot treat as a breach of duty, but is held to sanction, that which by contract of employment he has required the employe to do.—*Snow v. Housatonic, etc., R. Co.,* 8 Allen (Mass.) 441. In Bailey's Per. Inj., §1116, it is said: "The mere fact that the employee knew that the work was manifestly dangerous of itself does not constitute contributory negligence. If it is shown that he used that which was dangerous in a negligent manner this would be contributory negligence." The same principle is announced in *Mobile & B. R. Co. v. Holborn,* 84 Ala. 133, and in *Highland Ave., etc., R. Co. v. Walters,* 91 Ala. 435. "A person who continues in an employment with full knowledge of the risk run, and who voluntarily goes to do that which he knows will expose him to danger, cannot recover for injuries so received." Such is the law as stated in the leading case of *Thomas v. Quartermain,* 17 Q. B. D. 414, and as recognized by this court.—*Birmingham R., etc., Co. v. Allen,* 99 Ala. 359; *Bridges v. Tenn., etc., Co.,* 109 Ala. 287; *Southern R'y Co. v. Guyton,* 122 Ala. 238. The decisions in *Mobile, etc., R. Co. v. Holborn* and *Highland Ave., etc., Co. v. Walters, supra,* though correct on the point to which we have cited them, have been in effect overruled so far as they held that the employer's liability act operated as between employer and employe to abrogate the doctrine of *violenti non fit injuria.* That doctrine is founded on the consent express or implied of the employe to take the chances of injury or escape from a threatening situation, but such consent is not implied unless the danger is obvious or is known to the employe. Plea 8 including the facts it refers to as stated in the complaint, fails to show that the defect in the covering of the waterway

[Larkinsville Mining Co. v. Flippo.]

was obvious or was known to plaintiff's intestate in time for him to choose between leaving and remaining in service before he actually encountered the danger. The averment of this plea imputing knowledge or notice to the intestate being in the alternative, is no stronger than would be an averment of notice alone, and notice is not the equivalent of knowledge. Notice may consist merely of information as to collateral facts sufficient to excite inquiry and which an ordinarily prudent person would follow to a knowledge of the main fact. *Brown v. L. & N. R. R. Co.*, 111 Ala. 275, 288; *Southern R. Co. v. Bunt*, 131 Ala. 591; 32 So. Rep. 507; *Mobile, etc., R. Co. v. Felrath*, 67 Ala. 189.

Neither pleas 7 nor 8 purports to show the intestate was in default in respect of giving information of the defect in question so as to exempt defendant from liability under subdivision 5 of section 1749 of the Code.

Reversed and remanded.