# Jones, *et al. v.* Pioneer Min. & Mfg. Co.

*Action for Damages for Death of Employee.*

(Decided Jan. 17th, 1907. 42 So. Rep. 998.)

1. *Master and Servant; Injury to Servant; Contributory Negligence.* —A plea of contributory negligence, which alleges in the alternative, that plaintiff's intestate knew, or by reasonable care,

[Jones, et al. v. Pioneer Min. & Mfg. Co.]

could have known that the compressed air had not been released, was not a sufficient averment of such knowiledge on the part of the intestate, knowledge being necessary, under the pleading in this case, to constitute contributory negligence.

2. *Same.*—An employee engaged in repairing a defect in a blowing engine, has the right to presume that his superior, entrusted with superintendence of the work, has discharged his duty and released the compressed air before commencing the work, and he is, therefore, not required to exercise reasonable care to ascertain whether the engine is charged with compressed air or not, and cannot be charged with contributory negligence unless he knew that the compressed air had not been released.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Texie Jones, administratrix, and others, against the Pioneer Mining & Manufacturing Company. From a judgment for defendant, plaintiffs appeal. Reversed and remanded. .

WILLIAM E. FORT, for appellant.—The demurrers should have been sustained to the pleas of contributory negligence interposed by defendant.—*Osborne v. Ala. Steel & Wire Co.,* 33 South. 688; *A. G. S. Ry. Co. v. Brooks,* 33 South. 181; *Southern Ry. Co. v. Bunt,* 32 South. 508; *Brown v. L. & N. R. R. Co.,* 111 Ala. 275; *Southern Ry. Co. v. Guyton,* 132 Ala. 238; *Western Ry. of Ala. v. Arnett,* 34 South. 998; *L. & N. R. R. Co. v. Markee,* 15 South. 511; *Southern Ry. Co. v. Shelton,* 34 South. 194.

CAMPBELL & WALKER, for appellee.—The pleas attacked by demurrer are not pleas of assumed risk but are pleas of contributory negligence, and therefore, are unlike the pleas in the cases relied on by appellant's counsel.

DOWDELL, J.—After amendment of the complaint by srtiking out all counts except those designated as "A," 'B," "C," "F," "G," and "H," the defendant to each of these remaining counts along with other pleas, filed plea No. 3, seeking to set up contributory negli-

gence on the part of the plaintiff's intestate which proximately caused the injury complained of. Demurrers were by the plaintiff interposed to this plea, which upon consideration by the court were overruled. This ruling of the court below is the only one here complained of as error.

The injury which resulted in the death of the plaintiff's intestate was caused by his being struck with the cap of a blowing engine used in the manufacture of iron, which was thrown or propelled against him by the force of compressed air, at the time contained in the blowing engine, and while the employe or employes of the defendant were at work on said engine for the purpose of repairing a defective valve in the same. One of the acts of negligence averred in the complaint consisted in the failure of the person having the superintendence and control of the repair work being at the time done to release or cause to be released the compressed air confined in the engine before removing the nuts and bolts that held the cap onto the engine and striking the cap violently with a wrench, thereby losening the cap, which was thrown or propelled by the force of the compressed air in the engine against the plaintiff's intestate.

The third plea of the defendant, which undertook to answer this phase of the plaintiff's case by setting up contributory negligence on the part of the deceased, in charging in what the negligence of the deceased consisted, avers "that said intestate stood in front of said cap whilst it was being removed, and whilst the nuts were being removed, and whilst the cap of the cylinder was being struck, as alleged in the complaint, when he knew, or by the exercise of reasonable care would have known, that said air had not been released." It is evident from the pleading that the position of the intestate in front of the cap that was being removed, without the engine being charged with compressed air, was not a dangerous one, and on this fact alone no negligence could be predicated. The position occupied by the intestate was rendered dangerous only by the existence of another fact, and that was that the engine was charged with compressed air, and, in order to impute to him

negligence, it was necessary to show that he had knowledge of the existence of such fact. This the plea did not show. The averment of the plea was in the alternative —that the intestate knew, or by the exercise of reasonable care would have known, etc. This falls short of an averment of knowledge on the part of the intestate. In this respect the plea was insufficient. The principle laid down in *Osborne v. Ala. Steel & Wire Co.,* 135 Ala. 571, 33 South. 687, and *A. G. S. R. R. Co. v. Brooks,* 135 Ala. 401, 33 South. 181, is applicable here. Other cases might be cited in our Reports, but we deem it unnecessary. Moreover, we think the intestate had the right to presume that his superior, who was intrusted with the superintendence and control, had discharged his duty and first released the compressed aid before commencing to work on the engine. And, this being true, no duty rested on the deceased to exercise reasonable care to ascertain whether the engine was charged with compressed air or not.

The court erred in overruling the demurrer to plea No. 3, and for this error the judgment must be reversed.

Reversed and remanded.

Tyson, C. J., and Anderson and McClellan, JJ., concur.