# Lockhart *v.* Sloss-Sheffield S. & I. Co.

## *Injury to Servant.*

(Decided Feb. 10, 1910.  50 South. 627.)

1. *Master and Servant; Contributory Negligence.*—The failure of a servant to give notice of a known defect of conditions is not contributory negligence on the part of the servant.

2. *Same; Plea; Sufficiency.*—Where the action is for injuries to a servant, a plea alleging that the servant is negligent in continuing to work in the place when he knew, or by ordinary care would have known, that it was dangerous, falls short of an averment of knowledge, the allegations therein being in the alternative.

3. *Same.*—Where the action was for injuries to a miner by rock falling from the roof of a mine, a plea alleging that the miner was guilty of contributory negligence, proximately contributing to his injury, in failing to examine his working place, is not demurrable as alleging merely as a conclusion that his failure to examine was a proximate cause of his injury, since rule 3, section 1034, Code 1907, requires such an examination.

4. *Same; Assumption of Risk.*—In an action by a miner for injuries received by rock falling from the roof of the mine, a plea alleging that he assumed the risk by negligently continuing to work when he knew that the rock above him was liable to fall, was not demurrable for a failure to show that he knew of the unsafe condition and appreciated the danger and risk attending it.

5. *Same; Safe Place to Work; Duty to Inspect.*—An employe working in a mine may assume that his employer has discharged his duty to see that the place was reasonably safe and is not required to exercise reasonable care to ascertain whether the roof where he is working is safe or not.

APPEAL from Walker Circuit Court.

Heard before Hon. JAMES J. RAY.

Action by P. R. Lockhart against the Sloss-Sheffield Steel & Iron Company.  Judgment for defendant, and plaintiff appeals.  Reversed and remanded.

The following are the pleas mentioned in the opinion:  (3) "For further answer, defendant says that plaintiff was guilty of negligence which contributed proximately to his injury, in this:  That plaintiff did

not examine his working place under the rock or place
that fell on him before commencing work thereunder,
and as a proximate result thereof was thereby hurt. It
was the duty of plaintiff before commencing work to
examine his working place, and his injury was the
proximate result of his failure to perform this duty."
(6) "Defendant says that plaintiff was guilty of negli-
gence which contributed proximately to his injury, in
this: That plaintiff knew of the defects or negligence
complained of, and failed in a reasonable time to give
information thereof to the defendant or some person su-
perior to himself engaged in the service or employment
of defendant." (7) "The defendant says that plaintiff
was guilty of negligence which contributed proximately
to his injury, in this: The rock or slate under which
he was at work when he was hurt was insecure and
liable to fall, and in a dangerous condition, and its
dangerous condition was known to plaintiff, or by the
exercise of ordinary care would have been known to
him; but, notwithstanding the same, plaintiff negli-
gently continued to work under said rock or slate, and
thereby proximately caused his injury." (12) "De-
fendant says that the plaintiff assumed the risk of his
injury, in this: That he negligently continued to work
in an entry of the mine which he knew was not suffi-
ciently propped and was liable to fall on him, and there-
by came to his injury."

Demurrers were interposed to the third plea as fol-
lows: "The plea was a conclusion of the pleader, in
that it does not state facts showing that plaintiff neg-
lected his duty at the time of going to the place where
he received his injury. It does not aver that, if plain-
tiff had examined his place where he was working, he
would have discovered that the same was defective or
dangerous." To the sixth plea: That it is a conclu-

sion, in that it fails to state facts sufficient to constitute contributory negligence, and the plea fails to aver that plaintiff knew of the defects or danger mentioned therein prior to the time he was injured. To the seventh plea: That it is a conclusion; and, further, that the fact that plaintiff by the exercise of ordinary care would have known that the rock or slate was insecure, and liable to fall, and in dangerous condition, would not constitute contributory negligence on plaintiff's part, even though he remained at work at said place; and, further, that said plea fails to show that the plaintiff appreciated the danger mentioned in said plea. To plea 12: That it fails to allege facts showing an assumption of risk, and because it does not show that the risk stated was incident to plaintiff's employment.

ERNEST LACY, for appellant.—Plea 3 stated a mere conclusion.—*Osborn v. Ala. S. & W. Co.*, 135 Ala. 571; *Creola L. Co. v. Mills*, 149 Ala. 482; *Southern Ry v. McGowan*, 149 Ala. 453. The demurrer to plea 6 should have been sustained.—*Osborn v. Ala. S. & W. Co., supra; Southern Ry. Co. v. McGowan, supra; Mascot C. Co. v. Garrett*, 47 South. 151. The court should have sustained the demurrer to plea 7.—*Jones v. Pioneer M. & M. Co.*, 149 Ala. 402; *L. & N. v. Hawkins*, 92 Ala. 241. The demurrer to plea 12 should have been sustained.—Sec. 3910, Code 1907.

BANKHEAD & BANKHEAD, for appellee.—Plea 3 sets up the statutory duty required by rule 3, section 1034, Code 1907, and was good.—*K. C. M. & B. v. Flippo*, 138 Ala. 487; *Mont. G. Co. v. M. & E. R. R. Co.*, 86 Ala. 372. Plea 6 was in the language of section 3910, Code 1907. Plea 7 was good.—*Sloss-S. S. & I. Co. v. Knowles*, 129 Ala. 410; Bailey's Master's Liability, pp.

162-4.    Counsel discuss other assignments, but without citation of authority.

McCLELLAN, J.—Appellant (plaintiff) was injured by the falling upon him of a part of the roof of appellee's mine, in which appellant was then engaged. The errors assigned relate only to the action of the court in overruling demurrers to pleas 3, 6, 7, and 12.

Plea 3 would impute contributory negligence to plaintiff because of alleged violation, or rather the alleged failure to observe the requirements of rule 3, Code 1907, § 1034. That rule reads: "Every workman employed in the mine shall examine the working place before commencing work, and after every stoppage of work during the shift he shall repeat the examination."

The act of which rule 3 was originally a part was first adopted in 1897.—Acts 1896-97, p. 1099, § 33. It was taken from the Pennsylvania Miner's Law of 1893. —2 Brightley's Purdon's Digest, p. 1372, § 320. I am not advised, at this time, what interpretation, if any, the courts of the state have placed on the rule in question.    We are not, on this appeal, properly invited to fully construe rule 3.

It is my opinion that plea 3 is insufficient in its averments of facts from which, as a matter of law, the contributory negligence imputed flows. It is true the plea avers a failure to observe the requirements of the rule, but whether that breach of the rule was the proximate cause of the injury complained of cannot be supplied, in averment, by the allegation of the conclusion that it was the proximate cause of the injury. The essential averment, as we view it, to avoid the allegation of the pleader's conclusion is that, had the examination required by the rule been made, the defective and dangerous condition would have been discovered by the party

injured. As plea 3 is now phrased, it may well be that an examination would not have detected the defect and danger. Obviously, if an examination would not have availed to inform the party whose duty the rule declared so that he might have avoided the hazard as well as, have reported the condition in accordance with rule 2 (of the same section), no negligence could be ascribed to him. To aver that his failure to examine the working place was a contributing proximate cause is not the legal equivalent of the stated essential averment; but, on the contrary, is the pleader's conclusion from an unaverred state of facts. The court, in my opinion, erred in overruling the grounds of demurrer taking the points indicated. It is perhaps proper to merely moot the question of the character and extent of examination the rule contemplates, and this as bases for the ascription of negligence in a failure to examine as required.

Plea 6 was demurrable.—*Osborne v. Ala. Steel & Wire Co.*, 135 Ala. 571, 33 South. 687. It is not contributory negligence on the part of a servant to fail to give notice, within a reasonable time, of a known defective condition. Under the authority of *Jones v. Pioneer Min. & Mfg. Co.*, 149 Ala. 402, 42 South. 998, and cases therein cited among others, plea 7 was subject to the demurrer interposed; and to overrule it was error.

Plea 12 was, in my opinion, subject to the grounds of demurrer taking the point that it did not appear from the plea that the plaintiff knew of the unsafe condition, and also appreciated the danger and risk attending it, of the place whereat his injury occurred. The averment does not necessarily ascribe his knowledge of the condition, and appreciation of the danger and risk to the place at which he suffered injury. He may have been injured in one part of the entry and his averred knowledge might have been as to another part thereof.

[Alabama Steel & Wire Co. v. Tallant.]

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., limit their concurrence to the holding that pleas 6 and 7 are bad, and in imputing error in overruling demurrers to them. They are of the opinion that pleas 3 and 12 are not demurrable. The writer's views are expressed in the opinion.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.