(95 South. 463)

## VANSANDT v. BREWER. (6 Div. 541.)

(Supreme Court of Alabama. Jan. 4, 1923. Rehearing Denied Feb. 8, 1923.)

1. **Highways ⟨key⟩184(2)—Evidence held to warrant finding accident was due to pedestrian's negligence.**

Evidence that plaintiff, while walking along a highway in front of defendant's automobile, after a motorcycle coming from the opposite direction had passed them, suddenly stepped to his left in front of defendant's automobile, though the latter had sounded his horn, and plaintiff's companion had called attention to his approach, was sufficient to warrant a finding that the accident resulted solely from plaintiff's negligence, so as to support a verdict for defendant.

2. **Highways ⟨key⟩173(2)—Automobile driver and pedestrian can each assume the other will exercise due care.**

An adult pedestrian, in the lawful use of the public highway, may presume that an automobile will not be wantonly or even negligently driven against him, and order his conduct accordingly until otherwise advised, and likewise a driver of the automobile in the lawful use of such highway may assume, and so prudently order the course of his car until otherwise advised, that an adult pedestrian who has been warned of the approach of his car will not negligently change his position so as to introduce danger where none existed before.

3. **Evidence ⟨key⟩58—Pedestrian using highway presumed to have normal faculties.**

The rule that an adult person is generally presumed to be in possession of normal faculties of mind and body, including the sense of sight and hearing, applies to a pedestrian using a public highway as well as to persons entering upon railway tracks where they have a right to be.

4. **Trial ⟨key⟩194(16)—Charge on presumption pedestrian possessed normal faculties held proper.**

In an action for injury to a pedestrian upon a highway, a charge given at the request of defendant that plaintiff was in possession of all his faculties was not erroneous as purporting to conclude upon the contested issues in the case.

5. **Trial ⟨key⟩256(1)—If charge misleads because omitting some element, explanatory instruction should be asked.**

If a correct general charge was calculated to mislead the jury under the facts because not confining the rule stated to applicable circumstances, the other party should request an explanatory instruction to that end.

6. **Highways ⟨key⟩184(4) — Trial ⟨key⟩256(10) — Charge automobile could attempt to pass pedestrian on left held proper.**

In an action for injury to a pedestrian, who admittedly was struck by defendant's automobile, where the evidence was undisputed that, when defendant attempted to pass to the left of plaintiff and his companion, there was unoccupied space between plaintiff and the margin of the road sufficient to permit the passing, it was not error to give a charge that defendant had a right to pass the plaintiff on the left-hand side of the street, and, if the instruction was calculated to mislead because failing to confine the right to pass to a time when due care would permit, an explanatory instruction should have been requested.

7. **Highways ⟨key⟩184(4) — Charge automobilist need not anticipate pedestrian would step suddenly to the left held proper under the evidence.**

In an action for injuries to a pedestrian who was struck by defendant's automobile which came up from behind, where there was no evidence of the presence of another vehicle excepting motorcycle which had already passed both plaintiff and defendant's automobile, an instruction that defendant was under no duty to anticipate that plaintiff would step suddenly to the left immediately in front of or against the automobile was correct in the absence of a request for an explanatory charge and did not assume to conclude upon issues contested by the parties.

8. **Highways ⟨key⟩184(4)—Charge hypothetically submitting defendant's theory that plaintiff's negligence was sole cause of accident held correct.**

A charge that, if the jury believed that defendant blew his horn at a proper distance from plaintiff, who was walking in the public highway in the same direction defendant's car was moving, and that he would have passed at a safe distance to the left of plaintiff at a proper rate of speed, and that the accident was caused solely by the action of plaintiff in stepping to his left and immediately in front of or against the automobile, and too close to avoid striking the plaintiff, and that the action of plaintiff was the sole proximate cause of the accident, was proper, where the evidence was

undisputed that plaintiff was injured by his contact with defendant's car, and there was no evidence that his stepping in front of the car, if he did so, was the result of his being suddenly confronted with peril.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action by J. K. Vansandt against Walter Brewer. Judgment for defendant, and plaintiff appeals. Affirmed.

The plaintiff (appellant), a pedestrian, while walking in a public highway, was injured by an automobile driven by defendant, appellee. The complaint attributed plaintiff's injury to simple negligence or to wanton, etc., wrong on the part of defendant. Besides the general issue, the subsequent pleading was in short by consent; from the evidence it appearing that defendant relied also upon plaintiff's own negligence as contributing to his injury. The court left to the jury's solution these issues: Whether defendant was guilty of simple negligence or willful wrong, proximately causing plaintiff's injury; and, second, whether plaintiff's negligence proximately contributed to his injury. The jury's verdict concluded in defendant's favor upon the issues. Besides the ground of the motion for new trial bringing into question the sufficiency of the evidence to justify the verdict for defendant, the matters assigned and insisted upon for error are the refusal of plaintiff's special request for instruction and the giving of several instructions for defendant. That refused plaintiff reads:

"I charge you that under the evidence in this case you cannot find plaintiff guilty of contributory negligence as alleged in the pleas."

Those given for defendant are as follows:

"The court charges the jury that the defendant, Brewer, had the right to assume that the plaintiff was in possession of all his faculties."

"The court charges the jury that the defendant had a right to pass the plaintiff on the left-hand side of the street."

"The court charges the jury that the defendant was under no duty to assume or anticipate that the plaintiff would step suddenly to the left, immediately in front of or against the automobile."

"The court charges the jury that, if they believe from the evidence that the defendant blew his horn at a proper distance from plaintiff, and that he would have passed at a safe distance to the left of the plaintiff, at a proper rate of speed, and that the accident was caused solely by the action of the plaintiff in stepping to his left and immediately in front of or against the automobile and too close to avoid striking the plaintiff before stopping or checking the speed of the automobile, and that this action on the part of the plaintiff was the sole proximate cause of the injury, you will find for the defendant."

Black & Harris, of Birmingham, for appellant.

The right of the driver of an automobile to assume that an adult person walking in front of him is in possession of his normal faculties does not continue after the pedestrian demonstrates his apparent ignorance of the approach of the automobile, or after it becomes obvious that the pedestrian is making no effort to avoid danger. 15 Ala. App. 448, 73 South. 763; 158 Ala. 389, 48 South. 93; 89 Ala. 313, 8 South. 247; 190 Ala. 279, 67 South. 283. Where the only evidence from which negligence could be inferred is that a pedestrian, on being suddenly warned of danger, instinctively stepped in front of a moving automobile, the court should instruct the jury that the plaintiff was not guilty of contributory negligence. 190 Ala. 279, 67 South. 283; (Mo. App.) 183 S. W. 1079. What is the exercise of reasonable care by the driver of an automobile on a public highway depends upon the circumstances, and should not be decided by the court by peremptory instruction. 202 Ala. 87, 79 South. 480; 159 Ala. 389, 49 South. 97. Where evidence is in dispute as to whether a pedestrian stepped in front of a moving automobile, a charge that assumes that he did, is error. 193 Ala. 614, 69 South. 137.

Stokely, Scrivner & Dominick, of Birmingham, for appellee.

The question whether plaintiff was guilty of contributory negligence is one for the jury. 179 Ala. 97, 59 South. 597; 5 Ala. App. 535, 59 South. 776; 202 Ala. 87, 79 South. 479; 193 Ala. 614, 69 South. 137; 202 Ala. 474, 80 South. 860. It was not error to instruct the jury that, if the conduct of the plaintiff was the sole proximate cause of his injury, the verdict should be for defendant. 198 Ala. 449, 73 South. 642.

McCLELLAN, J. The review is restricted to particular errors assigned and argued in brief.

[1] In respect of the ground of the motion for new trial questioning the sufficiency of the evidence to support the verdict, it is hardly necessary to remark that careful consideration of the whole evidence does not at all justify the conclusion that the court erred in overruling the motion on the stated ground.

The plaintiff was walking abreast, with two companions, in the roadway of a public highway. There was no pavement set apart for pedestrians. A motorcycle was approaching in front of them; and the defendant's automobile was overtaking them. For several hundred yards before reaching the men the defendant saw them and the motorcycle, and observed the movement of the motorcycle and these men. The plaintiff testified that the motorcycle had passed him and his companions about 30 feet when

defendant's car struck him. There was other evidence relating to that circumstance. The defendant testified, in effect, that, seeing the motorcycle rapidly approaching, and that his passing the motorcycle and the men would (unless he stopped) occur at a point practically opposite the men, he stopped his car; and after the motorcycle had passed he put his car in motion at a speed of about five miles an hour. There was evidence directed to showing that the speed of defendant's car was much greater than that he stated; but this is matter unimportant to the questions made by the instructions reproduced in the statement ante.

The undisputed evidence established the fact that there was room enough, and some two or three feet to spare, for the defendant to have safely driven his car between plaintiff and the margin of the roadway, plaintiff being the nearer of the three men to the margin of the roadway, on the right of defendant's course.

The plaintiff denied any notice or knowledge that the defendant's automobile was approaching from the rear; he testifying that he did not "hear very well." There was, however, evidence otherwise that defendant seasonably sounded the horn, and also that one of plaintiff's companions, "the next one to him, called his [plaintiff's] attention to the automobile approaching." If, as the jury might have concluded from the evidence, the plaintiff was advised of the approach of defendant's automobile to his rear, it was a question for the jury to determine whether, under the circumstances, reasonable care and prudence did not require plaintiff (an adult) to take account of the approach of the automobile, and not to alter his course before observing the location and course of the automobile in the highway.

[2] An adult pedestrian, in the lawful use of a public highway, may presume, and so prudently order his conduct until otherwise advised, that an automobile will not be wantonly, willfully, or even negligently driven against him; and a driver of an automobile, in the lawful use of a public highway, may likewise assume, and so prudently order the course and movement of his car until otherwise advised, that an adult pedestrian, who has been warned of the approach of his car, will not, without observing reasonable care, change his position so as to introduce danger where none existed before. According to a phase of the evidence, the plaintiff, on this occasion, suddenly stepped into the zone of danger from the car that was directed to passing him over the unoccupied space in the highway. Under the whole evidence the inquiry whether plaintiff's injury was due to his own negligence was one to be solved by the jury. In Dozier v. Woods, 190 Ala. 279, 67 South. 283, the plaintiff was not aware of the approach of the automobile injuring her,

and hence was free from the imputation of negligence with respect to her acts on that occasion. The court did not err in refusing plaintiff's request for instruction concluding to the denial of plaintiff's contributory negligence.

[3] In the absence of circumstances showing the contrary, an adult is generally presumed to be in possession of the normal faculties of mind and body, including the senses of sight and hearing. Frazer v. R. R. Co., 81 Ala. 185, 196, 1 South. 85, 60 Am. Rep. 145; Tanner v. L. & N. R. Co., 60 Ala. 621; L. & N. R. R. Co. v. Cooper's Adm'r, 6 Am. & Eng. R. R. Cases (Ky.) 5; Green v. Sou. Pac. Co., 122 Cal. 563, 55 Pac. 577, 579; L. & N. R. Co. v. Black, 89 Ala. 313, 8 South. 246. The fact that this rule has been stated in cases where the injury in question was received on a railway does not restrict it so as to preclude its properly invited application to cases where the scene of injury is a public thoroughfare, and the adult pedestrian was injured by an automobile. There is nothing in the circumstances surrounding such injuries, so caused, as to admit the rule's recourse in one and deny it in the other, though, of course, the different elements and measures of the respective rights and duties of the parties are important in defining and ascertaining the presence of negligence or contributory negligence in the particular case under investigation.

[4, 5] Charge 7, given at defendant's request, conformed to the rule stated. It did not purport to conclude upon the contested issues in the case. If it possessed the quality to mislead, because it did not confine the stated assumption to a time when defendant was not otherwise advised by the circumstances, the plaintiff should have asked an explanatory instruction to that end. Charge 7 was not erroneously given the jury.

[6] The evidence being undisputed that, when defendant started to pass plaintiff and his companions, there was unoccupied space in the highway, between plaintiff and its margin, through which defendant designed to pass, no error was committed in giving charge 3, at defendant's request. If the charge, abstractly sound, was thought to be calculated to mislead, through its omission to confine the therein stated right to pass to a time when due care on the defendant's part would so admit, an explanatory instruction should have been requested. The charge (3) did not attempt to conclude upon the issues contested by the parties.

[7] According to the principle illustrated in Karpeles v. City Ice Co., 198 Ala. 449, 455, 457, 73 South. 642 (treating charges F, L, and P), no error resulted from the giving of charge 12 at defendant's request. The case of Young v. Bacon (Mo. App.) 183 S. W. 1079, cited on brief for appellant, involved

facts and circumstances materially different from those here presented. One discriminating factor, noted in that opinion, was the probability that a car approaching from the front of that plaintiff would likely cause him to step toward the course that defendant's car was on, approaching from the plaintiff's rear. In the case under review the motorcycle had passed this plaintiff before defendant proceeded to pass. This charge (12) proceeded upon the theory, manifestly sound, that one is not required to anticipate either negligent or reckless conduct on the part of another, in the absence of indications to the contrary. If the charge was conceived to possess a tendency to mislead, an explanatory instruction should have been requested. It did not assume to conclude upon the issues contested by the parties.

[8] Charge 13 was an appropriate instruction upon the defendant's theory of the cause of plaintiff's injury. Karpeles v. City Ice Co., supra, 198 Ala. 449, 459, 460, 73 South. 642, justified this instruction under the evidence. See, also, Renfroe v. Collins, 201 Ala. 489, 78 South. 395. The charge assumed no material fact, predicating its conclusion upon hypotheses that required the jury's findings of their truth. The charge qualified its reference to the car's movement to "a proper rate of speed." The evidence was undisputed that plaintiff was injured as a consequence of his contact with the defendant's car. We find no tangible suggestion in the evidence that plaintiff's act in stepping (if so) in or towards the course of the car, approaching to pass or in passing him, was the result of his being suddenly confronted with peril, from which he sought, in the excitement thereby engendered, to escape. The doctrine indicated is generally an expression of the law of contributory negligence. The legal theory to which charge 13 is referable was the hypothetical exclusion of elements of wrong or negligence attributable to the defendant and the introduction, through plaintiff's hypothesized act, of the sole proximate cause of his injury.

No reversible error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.