(126 So. 857)

## KERN v. FRIEDRICH.

6 Div. 366.

Supreme Court of Alabama.

March 20, 1930.

582

Fort, Beddow & Ray, of Birmingham, for appellant.

Drennen & Burns, of Birmingham, for appellee.

BROWN, J.

The defendant, appellee here, sold to the plaintiff "one (1) D–150 Delphos Ice Machine complete," stipulating in the contract: "Machine to be placed in Bakery and connected to Ice Cream Box, Service Box, Vegetable Box, Bakery Service Box, Ice Water Tank, Display Case, Candy Box, all piping and connections to be made, and all exposed lines covered also covered with linen and painted white. Machine to be charged with ammonia and to operate in thermostat, all work to be done by skilled workmen in high class manner." "Temperature to be satisfactory to each box as per proposal. Machine with motor and all necessary parts to function properly; and operate on thermostat"; plaintiff agreeing to pay therefor $2,750, of which $675 was paid on delivery of the machine, the balance to be paid in designated installments.

The plaintiff sued for a breach of the contract, alleging in count 5 that it was breached, in that "the machine, with motor and all parts necessary to function properly and operate on thermostat, would not function properly and did not correctly operate on thermostat" to plaintiff's damage.

In another count, the sixth, it was alleged that the contract was breached in that "the temperature provided by said machine in the several boxes in said equipment was not satisfactory to plaintiff, in that said temperature so provided in each of said boxes did not preserve and protect the commodities of plaintiff's stock in trade from deterioration, decay and becoming unwholesome," with proximately resulting damage.

To these counts, on which the case was tried, the defendant filed the plea of the general issue and several special pleas, all of which, except the general issue and a plea of set-off, were withdrawn before the case went to the jury. As to the plea of set-off, the court directed a verdict against the defendant.

The jury returned a verdict for the defendant on the issues presented by said counts, and the plea of the general issue, and assignments of error predicated on charges relating to the measure or element of damages recoverable, and rulings on evidence relating solely to damages, if error, were innocuous. Loveman v. B. R., L. & P. Co., 149 Ala. 515, 43 So. 411; Randle v. B. R., L. & P. Co., 169 Ala. 314, 53 So. 918.

So also the rulings of the court on the demurrers to defendant's pleas that were withdrawn, or as to which the affirmative charge was given against defendant, and the replications thereto, if error, were without injury. Southern Rwy. Co. v. Hyde, 164 Ala. 162, 51 So. 368.

Though it be conceded that an exception may be properly reserved to the oral charge of the court for failure to instruct the jury as to an element of damages claimed and recoverable, still such failure is without injury, where the verdict is against the plaintiff on his right to recover at all.

The plaintiff's evidence tended to show that the machine and equipment were not properly installed, and would not operate on thermostat and supply proper refrigeration to preserve the commodities placed in the different compartments or receptacles, in consequence of which such commodities deteriorated and became unfit for use or sale.

The countervailing evidence offered by the defendant tended to show proper installation and that the failure of the machine to properly function resulted from its negligent use, or from the pernicious intermeddling of the plaintiff or his employees. On the whole, the case was one for jury decision, and, after careful consideration of the evidence, we are not able to affirm that the verdict of the jury was contrary to the weight of the evidence. The motion for new trial, in so far as it is predicated on the ground that the verdict was contrary to the weight of the evidence, was therefore overruled without error. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The grounds of the motion based on the rulings on evidence are too general to put the court in error for disregarding them. The other grounds in respect to the rulings on the pleas and replications and the giving of charges denying the right of plaintiff to certain elements of damages have been treated.

The bill of exceptions recites that "counsel for the plaintiff introduced in evidence interrogatories propounded to W. W. Taylor, a witness in behalf of the plaintiff, which interrogatories and answers thereto, together with objections and exceptions on the part of plaintiff, are as follows." Following this statement, the interrogatories, the objections thereto, and answers, together with the caption, the commission, and the certificate of the commissioner, are set out in extenso, covering twenty-nine pages of the record. Immediately following some of the interrogatories is the statement, "To which question counsel for the defendant objected, on the grounds as set out in the beginning of his answers to the direct interrogatories. Thereupon, the Court sustained defendant's objection to the question, to which ruling of the Court the plaintiff duly and legally reserved an exception." The objections referred to and set out on different pages of the record from the questions embrace numerous grounds. The assignments of error predicated on these rulings merely refer to the questions by number, citing the page of the record where the question appears, without reference to the pages where the objections or the answer to the question may be found. Aside from the fact that the bill of exceptions shows only the interrogatories were offered in evidence, after due consideration we are of opinion that this method of presenting the questions sought to be reviewed is in such flagrant violation of the rules of practice that these assignments of error should not be considered. See rule 32, Circuit and Inferior Court Practice; rule 1, Supreme Court Practice; Micou et al. v. Tallassee Bridge Co., 47 Ala. 652; Hall v. Pearce, 209 Ala. 397, 96 So. 608; Craig & Co. v. Pierson Lumber Co., 169 Ala. 548, 53 So. 803; H. B. Claflin Co. v. Rodenberg, 101 Ala. 213, 13 So. 272.

The assignments of error in respect to the rulings on evidence are so numerous it is not practical to treat each of them separately; and we deem it sufficient to state general principles that justify these several rulings.

Among the elements of damages claimed by the plaintiff were: The value of time lost by the plaintiff and his employees; the value of the use of the plaintiff's plant and equipment in the operation of his business; the interest on his investment; the loss of his privilege secured by the payment of a license to conduct his business; the loss of the value of electric current purchased by him in attempting to operate the machine to determine whether or not it would function; the loss of the value of vegetables, fruits, and other products that were caused to decay because of the defect in the machine and its installation.

Without holding that all of these were proper elements of damages, evidence showing, or tending to show, that at the request or by the direction of the plaintiff the plans for installing the equipment were changed, that he negligently or willfully interfered with the functioning of the machine by placing or allowing foreign substances to get in and clog the motor, by interrupting or changing the thermostat and its connections, interrupting the workmen in the work of installing the plant, by dictating the hours of their work,

584

and by abusive and insulting conduct toward them, and that plaintiff took the equipment out of his place of business and stored it in a warehouse, was material and properly admitted on the question of damages.

■ It is a fundamental rule that one who is injured by breach of contract or by tort must use reasonable care and diligence to avoid loss or to minimize the damages, and, to the extent that his damages are the result of his active and unreasonable enhancement, or due to his failure to exercise such care and diligence, he cannot recover. Strauss v. Meertief, 64 Ala. 299, 38 Am. Rep. 8; Daughtery v. American Union Tel. Co., 75 Ala. 168, 51 Am. Rep. 435; 8 R. C. L. 442, § 14.

■ This evidence was also material to the question of good faith on the part of the plaintiff in rejecting the apparatus and refusing to perform his part of the contract; and this was a question for jury decision. Worthington & Co. v. Gwin, 119 Ala. 44, 24 So. 739, 43 L. R. A. 382; 6 R. C. L. 959, § 333.

We discover no reversible error on the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.