(137 So. 896)

## MOLLOY v. MITCHELL.

6 Div. 905.

Supreme Court of Alabama.

Oct. 15, 1931.

Rehearing Denied Dec. 17, 1931.

Harsh & Harsh and Francis Hare, all of Birmingham, for appellant.

## FOSTER, J.

This action is for damages resulting from a collision between the cars of plaintiff and defendant, each operated by its owner, on a highway in Jefferson county. After the collision in which the car of plaintiff received some injury, it ran along the highway about one hundred and fifty feet, then down an embankment, and thereby caused personal injuries to plaintiff and additional damage to the car. Plaintiff did not receive personal injuries at the time of the collision.

Defendant claims that the fact that the car left the road was due to the contributory negligence of plaintiff either in "stepping on the gas," without due regard to its injured condition caused by the collision, or by the negligent failure of plaintiff to stop it after such collision.

The court charged the jury that if there was any intervening act on the part of plaintiff which proximately caused the result, plaintiff could not recover. At the conclusion of the charge, the court added a proviso that plaintiff was so negligent as proximately to contribute to his injuries. No exception was reserved to this charge as modified.

Appellant claims that there was reversible error in giving charge D because it is not predicated upon negligence by plaintiff, but that it denied a recovery because of conduct which thereafter occurred as an intervening efficient cause, though such conduct may have been stimulated by the collision and not independent of it.

Nesbit & Sadler, of Birmingham, for appellee.

It is doubtless true that plaintiff's conduct must be either negligent or independent of, that is, not stimulated by, defendant's negligence to counteract the injurious effect of defendant's negligence. But charge D does not extend to the right of recovery, but only to the amount in event there should be a recovery. It relates only to damages for the personal injuries.

When the jury found that plaintiff was not due to recover anything, they found either that defendant was not negligent or that plaintiff also was negligent. The same counts claimed damages for personal injuries and for those to the car. Charge D did not relate to damage to the car. It did not justify a finding for defendant on the facts there hypothesized. It is true that the car was damaged by the same circumstance which caused the personal injuries, and that the damage thus occasioned should not be awarded unless that for personal injuries is likewise awarded. But a charge must be construed in the light of its language. No prejudice can be said to result unless the verdict was for plaintiff for some amount. We cannot assume that the jury would accord the charge a meaning different from its plain language.

We also observe that the court refused charge 21, requested by defendant, and thereby refused to extend the effect of the facts thus hypothesized to the right to recover for any damage by plaintiff. And the fact that the court in its general charge required that such intervening act of plaintiff to defeat a recovery must have been negligent shows that the court properly predicated that right.

The foregoing comments apply to given charge E.

The court in its general charge sufficiently instructed the jury as to the nature of the two counts: One was for simple negligence; two was for wantonness. There could be no mistake that the court meant that the jury could find for plaintiff on either, dependent upon their finding of the facts. Charge H refused appellant was therefore without reversible error.

On account of the issues and evidence in the case, we think there was no error in giving charge 13, and the criticism of it is too technical, when thus considered.

We have treated the assignments argued by counsel and find no reversible error.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.