175 So. 322

## LAW v. GULF STATES STEEL CO.

### 7 Div. 194.

Court of Appeals of Alabama.
April 6, 1937.

Rehearing Denied May 11, 1937.

**486**

McCord & McCord, of Gadsden, for appellant.

Roger C. Suttle and O. R. Hood, both of Gadsden, for appellee.

SAMFORD, Judge.

Many of the questions involved in this appeal and growing out of the overflow of Big Wills creek have been before our Supreme Court in the cases of Law v. Gulf States Steel Co., Inc., 229 Ala. 305, 156 So. 835, and Gulf States Steel Co., Inc., v. Law, 224 Ala. 667, 141 So. 641. In the two cases just cited practically all of the questions of law involved in this appeal have been settled, including the validity of the complaint and the ruling on charges, by all of which this court is bound except where the rulings here under consideration may be differentiated from the rulings in the two cases, supra. The cause of action as stated in the instant case, is a claim for damages for that on, to wit, the 15th day of May, 1929, and for and during the remainder of that year and until the bringing of this suit, plaintiff was a tenant and cultivating a crop on a certain piece of land lying west and south of Big Wills creek; that the land thus being cultivated was bottom land in close proximity to said stream and not greatly elevated above the same; and during said time the defendant corporation was maintaining below the lands being cultivated by the plaintiff a dam, wall, and other obstructions to the flowage of the waters in said creek which in times of heavy rainfall threw the waters back and upon the lands being cultivated by the plaintiff. He then charges negligence and wrongfulness on the part of the defendant in causing the waters of the creek to be thrown back upon his land and as a proximate consequence plaintiff alleges damages, etc.

Broadly stated, in this suit it was plaintiff's contention that his crops were damaged or destroyed by an overflow of Big Wills creek, caused, or contributed to, by a concrete dam which defendant had constructed and the raising of a public road in which it was alleged defendant took part. On the other hand, it was defendant's contention that the plaintiff's crops were damaged, or destroyed, as the result of a flood of Big Wills creek, which reached such height that his crops would have been damaged, or destroyed, had the dam not existed or the road been raised.

As we see it, the cause resolves itself into the simple issues: Did the flood waters reach such height as the plaintiff's crops would have been destroyed had the dam never been constructed and the road raised, or did the headwaters rushing down the creek pass through the low places in its bank and spread out over plaintiff's crops damaging or destroying them just as though there had been no dam or the public road raised? The foregoing questions were fairly within the general issue upon which this cause was tried. If, as a matter of fact, defendant aided in raising the public road, and this public road coupled with the maintenance of defendant's concrete dam caused or materially contributed to the damage of plaintiff's crops, in the manner charged in the complaint, the defendant would be liable. But, if the damage to plaintiff's crops was caused by the overflow of Big Wills creek from above, independent of defendant's dam, then plaintiff could not recover. In other words, if plaintiff's damage was the result of flood waters flowing from above and not impeded by defendant's dam so as to cause backwater, defendant would not be responsible for plaintiff's damages; the burden being on the plaintiff to satisfy the jury reasonably by the evidence that the overflow of plaintiff's land was because of the wrongful acts of defendant. 67 Corpus Juris, 755 (102) h.

The testimony on the simple issues hereinabove set out is contained in 310 pages of the transcript, including maps of the terrain, photographs of the flooded area taken before, after, and at the time of the flood. There are innumerable objections and exceptions to this testimony, too numerous to be treated seriatim. We will, therefore, treat the testimony as a whole, pointing out as best we can the general rule or rules governing in the instant case.

The plaintiff, very properly, introduced in evidence the United States Topographical Map, showing Big Wills creek, the terrain surrounding it, and the area drained by it, in connection with the testimony of Mr. L. H. Park, who qualified as an expert engineer, familiar with water power, drainage, topography, and the map introduced in evidence. In addition to this, plaintiff introduced other witnesses who testified relative to the condition of the lands lying on the opposite side of the creek, and also as to the lands lying

up the creek from the lands cultivated by the plaintiff.

By the action of introducing the topographical map of the terrain showing terrain and watershed of Big Wills creek by the plaintiff, and the testimony of his witnesses touching and relating to other lands those cultivated by plaintiff, this case is differentiated from the facts as set out in Gulf States Steel Co. v. Law, 224 Ala. 667–670 (8 & 9), 141 So. 641, and we think is brought squarely within the influence of Riverside & Dan River Cotton Mills, Inc., v. Waugh, 117 Va. 386, 84 S.E. 658, where as observed in the Law Case, supra, 224 Ala. 667, at page 671, 141 So. 641, 644: "It was held that, in an action to recover damages for flooding lands by a dam, it is competent for the defendant to show that the damages were inflicted by a sudden and unusual freshet in the stream, and not by the dam; and, as tending to prove that fact, the defendant may show that other lands on the same stream and similarly situated, but unaffected by the dam, were similarly damaged on the same day by the same freshet, and that, for the evidence to be admissible, the similarity need not be precise in every detail. Substantial similarity, or a similarity in such circumstances or conditions as might supposedly affect the results in question, is all that is necessary. 1 Wigmore on Evidence, § 442, page 522."

The case Southern Railway Co. v. Plott, 131 Ala. 312, 31 So. 33, presents an entirely different question and is not a case in point.

As has been heretofore seen, it is the plaintiff's theory and contention that the damage complained of was caused by backwaters impounded by the dam of defendant and the raised road. It was the theory and contention of defendant that such damages were caused by headwaters rushing down the creek passing through the low places in the banks and spreading over the bottom lands, or by backwaters that stood so deep on the low lands and over the top of the dam that the dam and raised road exerted no influence in the damage or destruction of plaintiff's crops. In trying this issue the jury was entitled to know the topography of the watershed of Big Wills creek, its area, its elevations, the probable rise of water during freshets and in fact, everything which would tend either to prove damage by backwaters or damage by unprecedented rises of the water in the creek. To this end the topographical map and also the two maps introduced in evidence by the defendant, together with testimony showing the results of other freshets on the low lands, above and below defendant's dam, were properly admitted for consideration. In the introduction of this testimony there were some technical errors of minor importance, none of which injuriously affected the rights of the plaintiff in the trial of his cause.

In the trial of an issue, such as the one at bar, the inquiry of necessity is broad in its scope and the courts must not confine the evidence in limits so narrow as to prevent the jury from having the whole picture when they come to consider what really happened.

Evidence of similar floods prior to and subsequent to the flood complained of in this suit, and the effect of such flood on the lands adjacent to Big Wills creek, was admissible as tending to prove the conditions existing prior to the construction of defendant's dam and the road.

Photographs showing the flood area before, during, and after the flood were admissible in evidence, that the jury might get a true picture of the conditions surrounding this transaction.

It was perfectly legal and legitimate to introduce evidence tending to prove that the plaintiff with a committee went before the commissioners' court and requested the raising of the road involved in this suit. The rule as laid down by many authorities is that one cannot complain at the proximate consequence of what is done at his request. Law v. Gulf States Steel Co., 229 Ala. 305, 156 So. 835, and authorities there cited.

Charge 4 given at the request of the defendant was not abstract. There was much evidence to the effect that Big Wills creek was obstructed above defendant's dam by trees, brush, and débris, some of which had been cut by plaintiff. The above applies to given charge 8. These charges might have been refused without error, but they were not entirely abstract, and in any event, they were not injurious to the plaintiff's cause. Whether the obstructions above defendant's dam contributed to the condition of the flood waters at the time of injury to plaintiff's

crops was a question to be considered by the jury in making up its verdict.

▇ Given charge 10 finds support in the case of Atlanta & B. A. L. Ry. v. Brown, 158 Ala. 607, 48 So. 73.

▇ Given charges 14 and 15 find support in the case of Law v. Gulf States Steel Company, 229 Ala. 305, 156 So. 835, supra.

Viewing this entire record, and taking it as a whole, we are convinced that the cause was fully, fairly, and ably presented by counsel on each side and that no error of a prejudicial nature was committed by the court in the trial of the case.

The judgment is affirmed.

Affirmed.