## TEXAS CO. v. CHRISTIAN.

### No. 12721.

United States Court of Appeals
Fifth Circuit.

Nov. 18, 1949.

Rehearing Denied Dec. 19, 1949.

760

F. W. Davies, Birmingham, Ala., for appellant.

Kingman C. Shelburne, Birmingham, Ala., for appellee.

Before HUTCHESON, McCORD, and RUSSELL, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellee, plaintiff below, lessee and operator of a gasoline filling station leased from appellant, following the Alabama practice of suing in many counts, beginning with counts 1, 2, and 3, and winding up, after dismissals with counts 9, 10, 11, 12, 13 and 14, put forward for recovery three separate and distinct claims.

One of these was that the underground tanks on the leased premises were when leased to him leaking and full of holes, that this condition was latent and undisclosed, and defendant knew of it while plaintiff did not, that as a result thereof he lost 5000 gallons of gasoline, and because of water in the gasoline he sold, he had to make refunds to, and lost many of, his customers.

Another was that in violation of its contract for the sale to plaintiff of its Texas Sky Chief gasoline, defendant sold him an inferior grade and type of gasoline with a consequent loss of customers.

The third was that in response to his repeated complaints, defendant removed the leaking tanks from plaintiff's premises and replaced them with other tanks, but failed and refused to reinstall in the pumps the computers and meters, thereby rendering the leased premises unfit for occupancy, and in effect evicting plaintiff therefrom.

The defendant, pleading as diligently, opposed to each of the counts three defenses. The first and second were a demurrer to the sufficiency of the count and a general denial. The third, to the claim that inferior gasoline was sold, opposed a clause in the written contract of purchase requiring notice of claims and that no claims had been made, while to the claims for damages for leakage of gasoline and for eviction, it opposed the provision of the lease imposing on the lessee the duty of maintenance and repair of the leased premises.

In addition, appellant filed a cross-complaint to recover on two checks which plaintiff had made to it and which had been returned, "account insufficient funds".

There followed a long trial to a jury, in which much testimony was taken. The evidence concluded, all counts, except 10, 11, 12, and 14, were withdrawn, and over the objection of the defendant that the verdict should have been directed on all of the counts for want of evidence, the cause was submitted on these four counts.

In submitting counts 10 and 12, dealing with the leaking tanks, the court instructed the jury that they could not, for want of evidence, find damages for loss of business or custom, but could consider only loss of gasoline and of money actually refunded.

In submitting counts 11 and 14, dealing with the claimed eviction, the court charged the jury that, for the same reason, want of evidence, they could find actual damages only in a nominal amount, 1¢ or $1.00, and that they could in addition, under count

14, which asked for punitive damages, allow a reasonable amount for such damages.

The jury returned a general verdict, without distinction as to counts, for $7,384.71, and defendant has appealed. Though many errors in number are assigned, reliance for reversal is on four main points.

One of these is the lack of evidence to support a verdict on the leaking tank counts: Another is the lack of evidence to support a verdict on the constructive eviction counts. A third is that punitive damages awarded were inordinate and illegal. A fourth is the refusal of the court to give special charges requested by it.

We have no difficulty in agreeing with appellant as to the legal [1] basis of its liability for damages as a result of the leaking tanks, counts 10 and 12, nor, as a reading of the record show, did the district judge have any. We cannot, though, agree that the evidence failed to make an issue for the jury upon defendant's liability on these counts.

On the constructive eviction counts, appellant's point is that, taking the plaintiff's evidence most favorably for him, it did not show such an eviction. For instead of showing acts of a grave and serious nature, done with the intent of depriving the tenant of the beneficial use of the property, and having permanently injurious effects,[2] it showed quite the contrary. Insisting that the undisputed evidence shows merely a condition of small and temporary incon-venience, which could have been easily and promptly remedied by a very small expenditure, the meters and computers being on the premises and capable of being easily installed, appellant urges upon us that the duty to make these small installations and save himself from the heavy losses, plaintiff claims to have suffered was imposed on him, by the terms of his lease, requiring him to maintain the premises in repair,[3] and by the principles of fair dealing, requiring him to take reasonable steps to prevent or minimize damages.

The third point, which is really a sub-point under the one just stated, is that the award of any punitive damages under count 14 is without support in the evidence and if there is basis for any punitive damages, the award is inordinate and excessive, illegal and unwarranted.

We are greatly impressed with the force of these contentions. The evidence is undisputed that the computers and meters were on the leased premises, and completely available to plaintiff, and that they could have been installed for a very small sum and a very short time. In view of these facts, the fact that large damages are claimed by plaintiff for defendant's failure to install them, and the further fact that in Alabama,[4] as generally elsewhere, it is the duty of one claiming to have been wronged to take reasonable steps to prevent or minimize damages therefrom, we are of the opinion that the claim of plaintiff, that the mere failure of defendant to make these simple installations constituted a constructive eviction, staggers credulity,

1. Morgan v. Shepard, 156 Ala. 403, 47 So. 147; Smith v. Hallock, 210 Ala. 529, 98 So. 781; Anderson v. Robinson, 182 Ala. 615, 62 So. 512, 47 L.R.A.,N.S., 330, Ann.Cas.1915D, 829.

2. Warren v. Wagner, 75 Ala. 188, 51 Am. Rep. 446; Rice v. Dudley, 65 Ala. 68; 36 Corpus Juris, pp. 261-262-264, § 988; 52 C.J.S., Landlord and Tenant, § 455; Magnolia Petroleum Co. v. Garner, 181 Okl. 517, 75 Pac. 2 202; 1 Minor on Real Property, Sec. 419, pp. 507-508; Automobile Supply Co. v. Scene-in-Action Corp., 340 Ill. 196, 172 N.E. 35, 69 A.L.R. 1085.

3. Cf. Bullock-McCall-McDonnell Electric Co. v. Coleman, 136 Ala. 610; 33 So. 884.

4. Montgomery Bank & Trust Co. v. Kelly, 202 Ala. 656, 658, 81 So. 612; 36 C.J. p. 279, 52 C.J.S., Landlord and Tenant, § 461a; McCauley v. McElroy, Tex.Civ. App., 199 S.W. 317; 15 Am.Jur., Sec. 27, p. 420; Werton v. Koosa, 169 Ala. 258, 53 So. 98; Shepherd v. Ross, 4 Dom. L.R. 432; Kern v. Friedrich, 220 Ala. 581, 126 So. 857.

and it is difficult for us to see how reasonable minds could have concluded, as the jury did, that the complained of failure was such an eviction.

Further, if we could bring our minds into conformity with the verdict finding liability as for eviction, we could not, under Alabama law, as to punitive damages,[5] do so, as to the award the jury made. General though the verdict was, it is quite plain, under the evidence and the charge of the court, that only a small part of it represented actual damages. No actual but only nominal damages were recoverable under the charge of the court on the eviction counts, and only nominal damages being recoverable, punitive damages in excess of $500 or $1000 at the most could not, under the Alabama authorities, have been properly or legally allowed. No punitive damages were claimed or permitted under the charge of the court on the counts dealing with the leaking tanks. Giving plaintiff's testimony as to losses on those counts the fullest effect possible, it would not support a verdict for actual damages in excess of $1500.00. We are of the opinion, therefore, that the judgment ought not to stand. Of the further opinion, however, that justice will be better done if, instead of now reversing and remanding the cause for a new trial, we give appellee, in lieu of such reversal, the opportunity of remitting[6] all damages in excess of $2,-500.00, with interest on said sum at 6 percent from October 1, 1947. In event such remittitur is made and entered within 10 days, the judgment will be affirmed for that amount with interest at 6 percent from October 1, 1947, with costs of appeal equally divided. If it is not so made and entered, the judgment will be reversed and remanded for further and not inconsistent proceedings costs of appeal to be taxed against appellee.

---

5. United States Fidelity & Guaranty Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A.L.R. 520; Mobile & Montgomery R. R. v. Askcroft, 48 Ala. 15–33; Alabama Great Southern v. Sellers, 93 Ala. 9, 9 So. 375, 30 Am.St.Rep. 17.

6. Cf. United States v. Certain Parcels of Land, 5 Cir., 149 F.2d 81, at page 83.