154 So.2d 306

Bessie B. THOMPSON et al.

v.

MAGIC CITY TRUCKING SERVICE et al.

6 Div. 904.

Supreme Court of Alabama.

May 30, 1963.

Spain, Gillon & Young, Foster Etheredge and H. H. Grooms, Jr., Birmingham, for appellants.

Rives, Peterson, Pettus & Conway, Birmingham, for appellees.

MERRILL, Justice.

This is an appeal from a judgment for defendants in a suit under the death statute. The plaintiffs-appellants are the dependent sister and brother of the deceased, Charles Bradley. The defendants-appellees are Magic City Trucking Service and the driver of one of their dump trucks, Guy P. Norton.

The case was tried on Count 3—simple negligence, and Count 4, charging wantonness, but the court gave the general affirmative charge with hypothesis as to Count 4.

The deceased Bradley was a member of a crew of workmen employed by Southern Amiesite Asphalt Company, which was repaving a section of Highway 69 between Cullman and Jasper. The crew operated an asphalt spreader, known as a Barber-Greene, and three rollers. The asphalt spreader has a box in front of it which is kept filled by dump trucks backing up to the front of the spreader and dumping asphalt into the box. While the truck is unloading, the spreader propels itself forward, pushing the truck ahead as it moves, and the truck continuously dumps asphalt into the box as they both roll along at about four miles per hour. When the dump truck is empty, it immediately moves forward to clear the way for a waiting truck to take its place. The aim is to always keep asphalt in the box so that the spreader continues to move at all times. The spreader can only move about twelve feet on one box full of asphalt.

The rollers work behind the spreader and they smooth and press down the new asphalt. For some unexplained reason, Bradley was off his roller and he got between the back of Norton's truck and the spreader as Norton was backing his truck toward the front of the spreader to fill the asphalt box. The left rear wheels of the truck ran over Bradley and he was killed.

The lane of the highway on which the spreader and crew were working was closed to traffic and no one was supposed to be using that lane except the resurfacing crew and the highway department inspectors.

The primary dispute in the evidence concerned whether any signal was required or customary to call a new truck load of asphalt to move in toward the spreader. Nine witnesses testified that no signal was customary or required by the driver of the waiting truck to back toward the spreader immediately upon seeing the empty truck move out. Two witnesses testified that it was the custom for the drivers of trucks not to move into the box on the spreader until they were motioned by hand signal from one of the crew.

Appellants main argument is assignment of error number 6 which charges error in the giving of charge 26, which reads:

"I charge you that if you are reasonably satisfied from the evidence in this case that under all of the circumstances and conditions existing at the time of the incident made the basis of this suit, the danger of being struck by a backing truck loaded with asphalt at the time and place where Mr. Bradley was injured was an obvious danger, of which the deceased Mr. Bradley knew or in the exercise of reasonable care should have known, then I charge you that the defendant Mr. Norton had a right to assume that the deceased Mr. Bradley would observe that danger and guard against it. I further charge you that if you are reasonably satisfied from the evidence that Mr. Norton backed his truck in reliance on the assumption that Mr. Bradley would observe and guard against such danger, then backing the truck under such circumstances and conditions would not constitute negligence on the part of Mr. Norton."

We cannot agree that the giving of the charge amounted to reversible error. Appellants argue that the charge is faulty in many respects, but we deem it necessary to answer only two. Appellants maintain that the charge is bad because of the use of the words "or in the exercise of reasonable care should have known," citing Jones v. Pioneer Mining & Mfg. Co., 149 Ala. 402, 42 So. 998; Osborne v. Alabama Steel & Wire Co., 135 Ala. 571, 33 So. 687; Alabama Great Southern R. Co. v. Brooks, 135 Ala. 401, 33 So. 181; Lockhart v. Sloss-Sheffield Steel & Iron Co., 165 Ala. 516, 51 So. 627, and Owen v. Hampson, 258 Ala. 228, 62 So.2d 245.

■ These cases are concerned with pleadings, and indicate that the use of an alternative averment "or in the exercise of reasonable care should have known" is bad where the facts alleged in the pleading are insufficient to support the alternative averment made as a conclusion. Here, the charge leaves to the reasonable satisfaction of the jury the question of whether the facts support that conclusion.

In essence, charge 26 says that it is not negligent to act in reliance upon the assumption that others will exercise due care with respect to their own safety as against obvious danger. We have held, in connection with vehicular traffic, that one has the right to rely upon the assumption that others (adults) will exercise reasonable care. Vansandt v. Brewer, 209 Ala. 131, 95 So. 463; Hammel Dry Goods Co. v. Hinton, 216 Ala. 127, 112 So. 638; Johnston v. Weissinger, 225 Ala. 425, 143 So. 464. And in the absence of circumstances showing the contrary, an adult is generally presumed to be in possession of the normal faculties of mind and body, including the senses of sight and hearing. Vansandt v. Brewer, supra.

We have also held that if a person had knowledge of facts sufficient to warn a man of ordinary sense and prudence of the danger to be encountered, and of the natural and probable consequences of his own conduct in the premises, then he was guilty of negligence if he failed to exercise ordinary care to discover and avoid the danger and the injury. Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 So. 979; Walker County v. Davis, 221 Ala. 195, 128 So. 144; Railway Express Co. v. Real, 253 Ala. 489, 45 So.2d 306.

■ Appellants argue that charge 26 is incomplete and misleading. The giving of a charge which merely has a tendency to mislead does not constitute error, and the remedy, when a misleading or incomplete charge is given, is to request an explanatory charge. Jacks v. City of Birmingham, 268 Ala. 138, 105 So.2d 121; Farr v. Blackman Plumbing & Heating Co., 267 Ala. 585, 103 So.2d 777.

Under the facts of this case and the authorities cited, the court did not err to reversal in the giving of charge 26.

Appellants argue that the trial court erred in giving the affirmative charge with hypothesis in favor of appellees as to the wanton count. We cannot agree. It is true that the driver of the dump truck, Norton, testified that he did not sound his horn as he was backing toward the spreader, and that he could not see the area to the rear of his truck so far as the right side was concerned. But he was moving at three to four miles per hour, looking back, with his left door open and his head out of the cab, driving in the normal method used by all the other trucks in the operation, and in a place closed to traffic and all persons not connected with the operation.

■ In our opinion, the evidence does not support an inference of wanton conduct, that is, that Norton, with reckless indifference of the consequences, consciously and intentionally did some wrongful act or omitted some duty which produced the death of plaintiffs' brother. These essential elements of wantonness were left to conjecture. Zemczonek v. McElroy, 264 Ala. 258, 86 So.2d 824, and cases there cited.

■ Assignment of error 18 involved the overruling of appellants' objection to a question propounded to appellees' witness, Ralph W. Johnson, which read:

"Mr. Johnson, could you tell us what were the customs, practices and procedures in that business at that time with respect to when a waiting truck, load of asphalt, was to start backing towards the spreader?"

The record shows, as does the question, that the witness was expected to testify as to whether it was the custom in the business to give signals to the truck drivers as they backed up to the spreader.

Assuming, without deciding, that the question was objectionable, the answer was consistent with all the other evidence in the case: "We try to keep the spreader moving. The truck is in the spreader, and the empty moves out. As he moves out the other truck moves into position." This answer could not have probably injuriously affected the substantial rights of plaintiffs and, therefore, did not constitute reversible error. Supreme Court Rule 45.

■■ Assignment of error 16 relates to a similar question asked another witness. But the record shows that appellants' objection to the question was sustained. Appellants can not now complain of a ruling of the trial court favorable to them. The rule is that a party may not avail himself of error, if any, into which he has led the court; that is called "invited error." Aetna Life Ins. Co. v. Beasley, 272 Ala. 153, 130 So.2d 178, and cases there cited.

Assignments 17, 19 and 20 are argued together. No. 17 is without merit. The overruled objection was made to the following question:

"Mr. Johnson, do you know of any occasion for any member of the Barber-Greene crew to be walking in the highway back of trucks loaded with asphalt waiting to go to the spreader or backing to the spreader, walking a distance of 25 or 30 yards from the spreader?"

The witness had been in the trucking business since 1953, was manager of the company furnishing the trucks and had observed the work being done on this particular job under the direction of the foreman.

■ The criterion for admission of expert testimony is that the witness by study, practice, experience or observation as to a particular subject or field should have acquired a knowledge beyond that of the average layman. Russell v. Relax-A-Cizor Sales, Inc., 274 Ala. 244, 147 So.2d 279, and cases there cited. We think the witness met the test.

■■ The competency of a witness to testify as an expert is addressed to the sound discretion of the trial court, whose decision on the evidence will not be disturbed on appeal except for palpable abuse. Dorsey Trailers, Inc. v. Foreman. 260 Ala.

141, 69 So.2d 459; Russell v. Relax-A-Cizor Sales, Inc., supra. We do not think there was any abuse of this discretion here, and hold that the three assignments of error present no reversible error on the part of the trial court.

■ Assignment of error 2 complains of the giving of appellees' written charge 34, which reads:

"I charge you that if you find that the defendants are liable for the wrongful death of Mr. Bradley, the damages awarded should be measured by and should be in proportion to the gravity and nature of the wrong involved, considering all of the facts and circumstances surrounding the death of Mr. Bradley. Such damages are for the purpose of punishing the defendants and not in the form of compensation."

Appellants contend that the use of the words "wrongful" and "wrong" is error. But the subject of the charge is damages. Assuming, without deciding, that the charge was erroneous, the rule is that an erroneous charge as to the measure of damage is harmless where the verdict is in favor of the defendant. Molloy v. Mitchell, 223 Ala. 666, 137 So. 896; Kern v. Friedrich, 220 Ala. 581, 126 So. 857; H. J. Crenshaw & Co. v. Seaboard Air Line R. Co., 219 Ala. 206, 121 So. 736.

■ The same rule applies to assignments of error 14 and 15. There, the questions objected to asked the age of the deceased. Proof of age in cases under the death statute has been ruled inadmissible because of its possible effect on the question of damages. Airheart v. Green, 267 Ala. 689, 104 So.2d 687, and cases there cited. But the jury never reached the question of damages in the instant case, and even if error, it was harmless.

■ Assignment 13 charges error in the admission of a written statement about the accident made by foreman Gamble, appellants' first witness. Appellants say in brief that the statement "was not introduced for purposes of impeachment for there is nothing in it contradictory to what Gamble testified to while on the witness stand." Even if the statement should have been rejected, it did not amount to prejudicial error because it was germane to the issue and did not tend to impeach anything the witness had stated in his testimony. Supreme Court Rule 45.

■ Assignment 12 charges error in the admission of a picture of the spreader in action, the crew and a truck filling the box in front of the spreader because the picture was taken nearly a mile from the place of the accident and that the work was being done on a different lane. We cannot agree. This was a rather involved operation and the union.of the spreader and the dump truck was much more plainly shown in the picture than could be told by words. A photograph that enables the court or jury to have a better understanding of a person, place, object or conditions is generally relevant and admissible for the purpose of explaining and applying the evidence. Law v. Gulf States Steel Co., 27 Ala.App. 484, 175 So. 322, cert. denied 234 Ala. 352, 175 So. 326; 32 C.J.S. Evidence § 709, p. 611. The photograph here met these requirements and was admissible.

The last group of assignments insist on error because the motion for a new trial was overruled. The grounds mentioned are that the verdict and judgment were contrary to the great weight and preponderance of the evidence and that the verdict was not sustained by the evidence.

■ Verdicts are presumed to be correct, and no ground of a motion for a new trial is more carefully scrutinized than that the verdict is contrary to the weight of the evidence, and the refusal to grant a new trial by the trial court, sought on such grounds, serves to strengthen the presumption in favor of the correctness of the verdict. Callahan v. Booth, ante, p. 275, 154 So.2d 32; Smart v. Wambles, 271 Ala. 651, 127 So.2d 611.

A careful review of the evidence reveals that there was testimony, which if believed by the jury, would justify the verdict, and under such circumstances, the motion for a new trial was properly overruled.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.