MADDOX, Justice.
The trial judge granted defendant’s motion for a directed verdict in a personal injury action arising out of an automobile accident in Mobile County. The record indicates that the plaintiffs agreed that the motion for directed verdict filed by the defendant should have been granted; consequently, this appeal presents a very interesting question of appellate review: Can this Court review a ruling of the trial court *933 when the record shows that the appellants agreed with the ruling?
The facts are not complicated. Plaintiff Nell White Copeland claimed that while she was stopped to make a left turn, a car behind her also stopped, but that the defendant hit the car immediately behind her, and drove that car into the rear end of her car, and as a proximate consequence, plaintiff Nell White Copeland suffered personal injuries. During trial, plaintiffs attempted to prove the extent of Nell White Copeland’s personal injuries and damages through the testimony of a chiropractor who had treated her. The trial judge refused to permit the chiropractor to testify and give his opinion on certain matters;[1] plaintiffs seeks to review this ruling on this appeal.
The paramount question specifically presented by this case is whether plaintiffs properly preserved the question for appellate review.
The record shows that when plaintiffs rested their case, the following occurred:[2]
MR. MAYS: Plaintiff rests.
THE COURT: Let me have your motion, Mr. Richardson.
MR. RICHARDSON: If it pleases the Court. The plaintiff has indicated he has rested his case at this time. At this time it moves the Court to grant my client, Mr. Williamson, a directed verdict on the grounds that the plaintiff has failed to prove evidence to the jury and that the Court has no evidence to submit this case to the jury. He has not shown any negligence on the part of my clients.
There has been some testimony of an accident of a collision. He didn’t show any negligence on the part of my client. The Supreme Court held the Court is familiar with the old proctor [Proctor] case that says, “the burden is on the plaintiff to prove his case.” And, of course, we all know that. That sounds redundant.
THE COURT: What have you got to say about it, Mr. Mays?
MR. MAYS: I think there is a lack [lot] of evidence.
THE COURT: Tell me what it is.
MR. MAYS: Mr. Lewis indicated that he had come to a complete stop behind Mrs. Copeland, and Mr. Williamson drove into the rear of the car. He indicates that he did not slam on his brakes. He indicated that he did not stop abrupt causing Mr. Williamson to continue into him.
THE COURT: I don’t remember this defendant’s name being mentioned but one time in the course of the trial.
MR. RICHARDSON: You have not heard any testimony that Mr. Williams ran into the back of Mr. Lewis. You asked if anything unusual happened. He says, “I was run into.”
MR. MAYS: I asked him who the person was that ran into him, and he indicated Mr. Williamson. You haven’t shown any negligence on his part caused—
THE COURT: What did you show any negligence that he did, Mr. Mays? What did you show that Mr. Williamson did? There hasn’t been any testimony that he was driving the car.
[MR. MAYS]: There has been testimony from both Mrs. Copeland and Mr. Lewis that Mr. Williamson was driving *934 the automobile that started the chain reaction, rear end collision, sir.
MR. MAYS: But your Honor, we would take up at this time also a collateral matter.
[THE COURT]: Well, let’s take this matter up first. [MR. MAYS]: I’ll be honest with you I think the motion is well taken. We have a motion which would have a similar affect if the Court granted Mr. Richardson’s motion.
THE COURT: I really don’t know what you are talking about. What kind of motion?
MR. MAYS: Your Honor. Without certain evidence that we had hope[d] to introduce in this case, we have no case, and we would be in a position now, I think, it would be fruitful [fruitless] to continue the trial of the case not having the evidence and we—
THE COURT: What are you talking bout [sic] the contradictor [chiropractor].
MR. MAYS: His xrays and his evaluation of them, and we are willing to let the Court go ahead and grant Mr. Richardson’s motion and grant [give] notice of an appeal at this time.
THE COURT: I grant your motion of directed verdict for the defendant.
MR. MAYS: We do concur.
The defendant/appellee contends that “the plaintiffs acquiesced and concurred in the granting of defendant’s motion for directed verdict and conceded that the motion was proper and due to be granted...” and “plaintiff[s] therefore cannot now assert the court’s ruling as reversible error.” Ap-pellee cites several cases in support of this proposition. Two of the cases appellee cites are Thompson v. Magic City Trucking Service, 275 Ala. 291, 154 So.2d 306 (1963); and Sayre v. Dickerson, 278 Ala. 477, 179 So.2d 57 (1965). That the plaintiffs consented to the grant of defendant’s motion for a directed verdict is clear. That plaintiffs wanted appellate review of the trial judge’s refusal to permit the chiropractor to testify was also clear — it is the issue which plaintiffs/appellants briefed and argued on appeal. The question is, however, whether plaintiffs properly preserved the issue for appellate review. Plaintiffs filed no motion for new trial in which they listed as a ground the ruling by the trial court on the chiropractor’s qualifications as an expert. Instead of objecting to the trial court’s action granting defendant’s motion for a directed verdict, plaintiffs specifically concurred in the grant of that motion.
We have carefully reviewed the record on this appeal in the spirit of Rule 1 of our appellate rules which directs that we construe our procedural rules to assure “the just, speedy and inexpensive determination of every appellate proceeding on its merits,” but we cannot reach the issue appellants would have us reach because it is simply not presented. As we read the colloquy between the court and counsel during the presentation of defendant’s motion for a directed verdict, we note that the plaintiffs apparently were considering filing a motion to ask the court to grant them a voluntary nonsuit in order that they might obtain review of the court’s ruling on the evidentiary issue, but even assuming that to be the case, the law is fairly settled, that, in the absence of a statute or court rule, where a defendant has filed a motion for a directed verdict, the plaintiff is not entitled to take the voluntary dismissal. Annotation: Right to Dismiss Motion for Judgment, 36 A.L.R.3d 1113. Furthermore, where a plaintiff’s notice of voluntary dismissal under Rule 41(a)(1), A.R.C.P., is not disturbed by the trial court or where the plaintiff knowingly and willingly agrees to a stipulation of dismissal, he has no standing to appeal. Moore’s Federal Practice, ¶ 41.02[6], pp. 41-43.
Because we determine that plaintiffs, by consenting to the grant of defendant’s motion for a directed verdict, cannot obtain review of the trial judge’s ruling on the evidentiary matter, we do not address whether the motion for a directed verdict was properly granted. Neither do we address the question whether the trial court abused its discretion in refusing to permit plaintiff’s chiropractor to testify. These is *935 sues were not properly presented for appellate review.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.

. During the chiropractor’s testimony, the following occurred:
THE COURT: You’re asking this witness to testify as to disc[s] and things of that [sic].
MR. MAYS: I have asked him—
THE COURT: I know what you have asked him. Are you asking the doctor to testify to that?
MR. MAYS: No, Your Honor. I am going to go through the test that he performed and I am going to ask him his evaluation of all the tests.
THE COURT: Do you propose to get into things involving the spine? Do you propose to do it?
MR. MAYS: Yes, sir.
THE COURT: i will not permit you to do it unless you show the doctor has qualifications to testify in that field of medicine. Go ahead, please sir.

. We have quoted from the transcript just as it appears, but have indicated, by bracketed material, what we understand the record to show.