PARKER, Justice.
Jamie Gaddy appeals the judgment of the Calhoun Circuit Court (“the circuit court”) dismissing with prejudice Gaddy’s medical-malpractice action against Lisa Arleen Brascho, a certified registered-nurse anesthetist. We dismiss the appeal.

Facts and Procedural History

An extensive recitation of the facts is not necessary for purposes of resolving this appeal. On November 8, 2007, J. Patrick Stewart, M.D., with the assistance of Bras-cho, performed a laproscopic hysterectomy on Gaddy (“the procedure”). In her complaint, Gaddy alleges that Brascho breached the standard of care in regard to the placement and monitoring of shoulder braces used during the procedure to hold Gaddy’s body in the proper position. Specifically, at issue was whether the shoulder braces were placed over Gaddy’s clavicle area rather than her acromion process.[1] *994 Gaddy alleges that Braseho’s alleged breach of the standard of care caused Gad-dy to suffer an injury to her brachial plexus.[2]
On November 6, 2009, Gaddy filed a medical-malpractice action under the Alabama Medical Liability Act, § 6-5-480 et seq. and § 6-5-540 et seq., Ala.Code 1975, against Brascho, among others. Before the trial, Gaddy’s claims against all the defendants but Brascho were disposed of. The trial court then set the case against Brascho for trial on June 18, 2012.
On June 8, 2012, Brascho filed a motion in limine requesting that the trial court “enter an [o]rder preventing [Gaddy] from attempting to introduce into evidence or otherwise argue to the jury that there is allegedly a higher probability of injury if the [shoulder] supports [were placed] over [Gaddy’s] acromion process.” The deposition testimony of Gaddy’s expert witnesses, Dr. J. Patrick Stewart and Dr. Amir M. Torabi, were the subject of Bras-cho’s motion in limine. Brascho’s motion in limine was based, in part, on the following argument:
“[Gaddy] contends that instead of the shoulder support being on the acromion process, the shoulder supports were located over the clavicle. The physicians have testified that the type of injury suffered by [Gaddy] can be caused by the shoulder supports being in either position.
“Since there is absolutely no evidence that the shoulder supports were improperly positioned, [Gaddy] is expected to attempt to introduce testimony that if the shoulder supports are over the clavicle, that statistically there is a higher chance of injury than if the shoulder supports are on the acromion process. However, this statistical evidence is immaterial, irrelevant and unduly prejudicial as it relates to the positioning of the shoulder supports in this particular case and immaterial, irrelevant and unduly prejudicial on the issue of causation.
“Of course, [Gaddy’s] burden is to introduce substantial evidence that more probably than not, there was a breach of the standard of care and that this breach of the standard of care probably caused the injury. The statistical evidence that we expect [Gaddy] to attempt to introduce is not relevant to show the location of the supports or causation.”
On June 11, 2012, the trial court granted Brascho’s motion in limine, as follows:
“Motion for [sic] in limine regarding statistical evidence filed by Brascho ... is hereby granted. [Gaddy] is hereby ordered to refrain from, directly or indirectly, making any mention to the jury of statistical evidence regarding the probability of the cause of [Gaddy’s] injury, at anytime during the trial of this case.”
It appears that Gaddy interpreted the trial court’s pretrial order granting Brascho’s motion in limine as having the practical effect of prohibiting Dr. Stewart and Dr. Torabi from testifying at trial.
On June 18, 2012, before the trial began and even though the trial court had already granted Brascho’s motion in limine, *995 the trial court heard oral arguments concerning Brascho’s motion in limine, among other pending motions. After hearing oral argument on Brascho’s motion in limine, the trial court reaffirmed its June 11, 2012, order granting the motion. The following exchange between the trial court and Gad-dy’s trial counsel then occurred:
“THE COURT: Well, all right. Based on the fact that I have now granted that motion in limine, does the plaintiff wish to go forward?
“[Gaddy’s trial counsel]: Your Honor, I do not believe so.
“THE COURT: All right. There being no objection by the defendant, we will show that this ease is dismissed, and if you want to appeal, you certainly may do so.
“[Gaddy’s trial counsel]: Okay.”
On June 19, 2012, the trial court entered the following order dismissing Gaddy’s complaint against Brascho:
“On June 8, 2012, ... Bras[eh]o ... filed various [m]otions in [l]imine regarding evidentiary issues. On June 11, 2012, this [e]ourt entered an [o]rder granting various motions and setting other motions for oral argument to be held on June 18, 2012, the morning the trial was to begin.
“On June 18, 2012, this [c]ourt held oral argument on the [m]otions in [[li-mine. After consideration of the arguments of counsel, during the hearing, this [c]ourt in open [c]ourt granted [Brascho’s] [m]otion in [l]imine on issues which [Gaddy] acknowledged prevented her from meeting her burden of proof.
“Therefore, it is ordered, adjudged and decreed that the case is dismissed with prejudice, with each party to bear its own costs. Since this [o]rder dismisses all parties and claims, this is a [f]inal [o]rder pursuant to [the] Alabama Rules of Civil Procedure.”
Gaddy appealed.
On May 6, 2018, this Court entered the following show-cause order concerning Gaddy’s appeal:
“The record on appeal in the above-referenced cause reflects the following exchange in open court on June 18, 2012:
“ ‘THE COURT: Based on the fact that I have now granted [Brascho’s] motion in limine, does the plaintiff wish to go forward?
“ ‘[Gaddy’s trial counsel]: Your Honor, I do not believe so.
“ ‘THE COURT: All right. There being no objection by [Brascho], we will show that this case is dismissed, and if you want to appeal, you certainly may do so.’
“The record on appeal also reflects that the trial court entered a written order on June 19, 2012, which states, in part:
“ ‘On June 18, 2012, this court held oral argument on the motions in li-mine. After consideration of the arguments of counsel, during the hearing, this court in open court granted [Brascho’s] motion in limine on issues which [Gaddy] acknowledged prevented her from meeting her burden of proof.
“ ‘Therefore, it is ordered, adjudged, and decreed that the case is dismissed with prejudice, with each party to bear its own costs. Since this order dismisses all parties and claims, this is a final order pursuant to [the] Alabama Rules of Civil Procedure.’
“It is, therefore, ordered that the appellant, Jamie Gaddy, shall show cause to this Court, in writing and within 14 days from the date of this notice, why *996 the above-referenced appeal should not be dismissed as from a non-appealable order.”
On May 17, 2013, Gaddy filed a brief in response to this Court’s show-cause order arguing that she did not consent to the trial court’s grant of Brascho’s motion in limine and that she did not request dismissal of her case. Gaddy argued that she
“was ‘aggrieved’ by the ‘adverse’ pretrial order that precluded her expert’s opinion testimony. The final judgment order of dismissal that immediately followed was simply a logically-necessary result of [Gaddy] not having an expert with which to proceed. The dismissal is certainly ‘adverse’ to Gaddy because she did not ‘consent.’ The pretrial, in limine order effectively dismissed the plaintiffs case, and the immediately-following order of dismissal was just a procedural formality to formally create a final judgment for closing the civil action.”
On May 29, 2013, this Court, by an order issued by the clerk’s office, dismissed Gaddy’s appeal, as follows:
“On May 6, 2013, this Court ordered the appellant, Jamie Gaddy, to show cause to this Court why the above-referenced appeal should not be dismissed as from a non-appealable voluntary dismissal. Gaddy filed a response to this Court’s show-cause order on May 17, 2013.
“After considering Gaddy’s response, this Court has determined that Gaddy has failed to demonstrate that the above-referenced appeal should not be dismissed as from a nonappealable voluntary dismissal, which the trial court granted instead of entering a judgment as a matter of law.
“It is, therefore, ordered that the above-referenced appeal is dismissed as from a non-appealable voluntary dismissal.”
On June 11, 2013, this Court, by an order issued by the clerk’s office, reinstated Gaddy’s appeal, as follows:
“This appeal having been dismissed as from a nonappealable voluntary dismissal,
“It is ordered, ex mero motu, that the order of dismissal issued on May 29, 2013, is withdrawn, and that this cause is returned to the active docket of this Court.”

Discussion

We must first determine whether this Court has jurisdiction over Gaddy’s appeal. Brascho argues in her appellate brief that Gaddy has no right to appeal the trial court’s order dismissing Gaddy’s action because Brascho never requested that the trial court dismiss the case and “the dismissal was at the request of or at the very least, was consented to by [Gaddy].” In her reply brief and in her brief in response to this Court’s show-cause order, Gaddy baldly alleges that she did not consent to the dismissal of her case; the record, however, clearly indicates that she did. Gaddy also argues, as set forth above, that the trial court’s grant of Brascho’s motion in limine “effectively dismissed [Gaddy’s] case, and the immediately-following order of dismissal was just a procedural formality to formally create a final judgment for closing the civil action.”
Gaddy’s appeal is undisputedly from the trial court’s June 19, 2012, judgment dismissing Gaddy’s case against Brascho, which Gaddy undisputedly requested, or at the very least consented to. Before this Court, Gaddy does not challenge the trial court’s dismissal of Gaddy’s case against Brascho, nor would this Court expect her to do so, because she requested the dismissal. According to Gaddy, the reason she requested the dismissal of her case *997 against Brascho was to seek appellate review of the trial court’s decision granting Brascho’s motion in limine. However, this Court has stated that “where the plaintiff knowingly and willingly agrees to a stipulation of dismissal, he has no standing to appeal.” Copeland v. Williamson, 402 So.2d 932, 934 (Ala.1981) (citing Moore’s Federal Practice ¶ 41.02(6), pp. 41-43). Gaddy has not cited any authority, and we can find none, indicating that a plaintiff may appeal from the requested dismissal of his or her case. Therefore, based on Gaddy’s failure to demonstrate to this Court that we have jurisdiction over Gad-dy’s appeal, we dismiss Gaddy’s appeal.[3]
APPEAL DISMISSED.
STUART, MAIN, WISE, and BRYAN, JJ., concur.
BOLIN and SHAW, JJ., concur in the result.
MOORE, C.J., and MURDOCK, J„ dissent.

. Stedman's Medical Dictionary (27th ed.2000) defines “acromion," which is synon *994 ymous with “acromion process,” as "[t]he lateral end of the spine of the scapula which projects as a broad flattened process overhanging the glenoid fossa; it articulates with the clavicle and gives attachment to part of the deltoid and trapezius muscles. It’s lateral border is a palpable landmark (‘the point of the shoulder’).”

. Merriam-Webster's Collegiate Dictionary 148 (11th ed.2009) defines "brachial plexus” as “a network of nerves lying mostly in the armpit and supplying nerves to the chest, shoulder, and arm.”

. In her reply brief, the only Alabama case Gaddy relies upon in support of her argument that this Court should not dismiss her appeal is Martin v. Dyas, 896 So.2d 436 (Ala.2004). Martin has no applicability to the present case.
In Martin, also a medical-malpractice case, the trial court granted a motion in limine filed by the defendant after trial began, thereby prohibiting the plaintiff’s expert witness from testifying. At the close of the plaintiff's case, the defendant filed a motion for a judgment as a matter of law ("JML”), which the trial court granted; nothing in Martin indicates that the plaintiff stipulated to the trial court's entry of the JML. The plaintiff appealed, and this Court considered the merits of the plaintiff's appeal. Martin is distinguishable from this case because there is no indication that the plaintiff in Martin asked for a JML to be entered against her and because Gaddy has appealed not a JML, but the requested dismissal of her case.
Gaddy also relies upon Kysar v. BP America Production Co., 273 P.3d 867 (N.M.Ct.App.2012). We need not consider this authority because it is from a foreign jurisdiction. However, even if we did consider Kysar, it is distinguishable from this case. In Kysar, the Court of Appeals of New Mexico did not dismiss an appeal from a "stipulated conditional directed verdict.” 273 P.3d at 871. As stated above, Gaddy’s appeal is not from a “stipulated conditional directed verdict,” but from a requested dismissal.