MOORE, Judge.
Midland Funding, LLC, appeals from a judgment of the Baldwin Circuit Court dismissing its appeal from a judgment entered by the small-claims division of the Baldwin District Court dismissing, with prejudice, its claims against Deborah Smith.
The 19-page record before this court reveals the following. Midland Funding filed a complaint in the district court against Smith, asserting claims of breach of contract, money had and received, and account stated. Midland Funding alleged that Target National Bank had issued a credit card to Smith; that Smith had received and used the card; that Smith was obligated to pay for the charges she had incurred on the credit-card account; and that the account had been assigned to Midland Funding. Midland Funding also alleged that monthly statements had been mailed to Smith reflecting all the charges that had been incurred with the credit card, the monthly payment due on the account, and the total balance due on the account.
Midland Funding asserted that Smith had never disputed any of the charges reflected on her account statements, that the issuance of the credit card constituted the offer of a contract, and that Smith’s use of the credit-card account indicated her acceptance of the terms and conditions stated in the terms of the credit-card *920 agreement. Midland Funding also asserted that Smith’s account was in default due to nonpayment and that she owed a balance of $1,404.53. Midland Funding sought a judgment against Smith for $1,404.53, plus costs and postjudgment interest.
On June 24, 2013, Smith filed an answer denying that, she was responsible for the charges and stating: “I am requesting supporting documents as it was reported to them that I was a victim of identity theft and nothing was done to remediate [sic] it. I am a disabled Army Veteran with a head and spinal injury and no money or property.” On August 16, 2013, the district court entered an order stating: “Case is DISMISSED at the request of the plaintiff with prejudice.” (Capitalization in original.) On August 28, 2013, Midland Funding filed its notice of appeal to the circuit court. On January 9, 2014, the circuit court entered the following order: “Case is hereby DISMISSED. Plaintiff voluntarily dismissed the case and then appealed to the Circuit Court. There is no judgment to appeal.” (Capitalization in original.) Midland Funding timely appealed to this court.
On appeal, Midland Funding argues that the circuit court erred by dismissing, sua sponte, its appeal for a trial de novo from the district court’s judgment of dismissal with prejudice. We note, however, that our supreme court has specifically held that ‘“where the plaintiff knowingly and willingly agrees to a stipulation of dismissal, he has no standing to appeal.’ ” Gaddy v. Brascho, 141 So.3d 993, 997 (Ala.2013) (quoting Copeland v. Williamson, 402 So.2d 932, 934 (Ala.1981)). Midland Funding has not cited any case decided by our supreme court that sets forth any exception to this rule, even when the appeal is for a trial de novo. Furthermore, this court has found no such case. “[T]his court is bound by the decisions of our supreme court.” TenEyck v. TenEyck, 885 So.2d 146, 158 (Ala.Civ.App.2003). See also Ala.Code 1975, § 12-3-16. Based on our supreme court’s holding in Gaddy, we conclude that the circuit court properly concluded that it did not have jurisdiction over Midland Funding’s appeal because Midland Funding had voluntarily dismissed its case in the district court. Gaddy, 141 So.3d at 996. Accordingly, we affirm the judgment of the circuit court.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.